Policarpio Paul VIDUARRI, Appellant,

v.

The STATE of Texas, Appellee.

No. 61340.

Court of Criminal Appeals of Texas, Panel No. 3.

Dec. 9, 1981.

**750**

Duncan F. Wilson and Carroll Clarke Cook, Jr. (on appeal only), Austin, for appellant.

Ronald Earle, Dist. Atty. and Bill White, Asst. Dist. Atty., Austin, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and DALLY, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for aggravated rape. Punishment was assessed at life.

In his first ground of error appellant argues the jury charge should have included an instruction on the lesser included offense of rape by force. V.T.C.A., Penal Code Sec. 21.02(b)(1). The indictment alleged rape and aggravated rape by threats. V.T.C.A., Penal Code Secs. 21.02(b)(2) and 21.03(a)(2). Rape by force was not an included offense in this case, and a jury charge and conviction under that theory would have constituted fundamental error. See Lowry v. State, Tex.Cr.App., 579 S.W.2d 477; Jackson v. State, Tex.Cr.App., 591 S.W.2d 820. It was proper for the trial court to refuse the charge. The ground of error is overruled.

Appellant next complains of the charge on his failure to testify. The jury was instructed:

"In a criminal case the law permits the defendant to testify in his own behalf; but the same law provides that his failure to testify shall not be considered as a circumstance against him. You will, therefore, not consider the failure of the defendant to testify as a circumstance against him; and you will not in your retirement to consider of your verdict allude to, comment on, or in any manner refer to the fact that the defendant has not testified."

Appellant argues that the use of the word "failure" was prejudicial, and requested use of more neutral language. The charge given was substantially the same as the provisions of Art. 38.08, V.A.C.C.P. Furthermore, when a refused charge is adequately covered by the charge given, no harm is shown. Sheppard v. State, Tex.Cr.App., 545 S.W.2d 816, 819. We find no harm and overrule the ground of error.

Finally, appellant challenges the search of the car in which the offense was committed. Since the car was a stolen vehicle, appellant is in no position to challenge the search. The ground of error is overruled.

The judgment is affirmed.