**Samuel Roosevelt HUFF, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–82–395–CR.**

Court of Appeals of Texas, Corpus Christi.

Nov. 10, 1983.

**636**

Charles A. Hood, Smith & Hood, Port Lavaca, for appellant.

Dan Heard, Dist. Atty., Mark R. Kelly, Asst. Dist. Atty., Port Lavaca, for appellee.

Before NYE, C.J., and BISSETT and YOUNG, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a conviction of the felony offense of injury to a child under Tex.Penal Code Ann. § 22.04 (Vernon Supp. 1982–1983). After trial by jury, the court assessed punishment at three years in the Texas Department of Corrections, probated for three years, ten days in the Calhoun County Jail, reimbursement to Calhoun County of one-half of his court-appointed attorney's fees, plus costs of court.

Appellant asserts five grounds of error on appeal. In his first ground he alleges that the state's attorney committed reversible error by expressing his personal belief of appellant's guilt. The controversial statement which appellant contends is error is found in the district attorney's closing argument:

"And you think you have to just believe that Shannon Davenport came in here and perjured himself? He swore to tell the truth. I think the only way you can

find this defendant not guilty is to believe that Shannon came in here and he raised his right hand and he lied to you. I think that's the only way, *under the evidence,* that you can find this defendant not guilty and I think your're looking at Shannon on the witness stand ..." (Emphasis supplied.)

■ A prosecutor may not express his personal belief that the accused is guilty. *Robillard v. State,* 641 S.W.2d 910 (Tex.Cr. App.1982); *U.S. v. Alanis,* 611 F.2d 123 (5th Cir.1980), cert. denied 445 U.S. 955, 100 S.Ct. 1607, 63 L.Ed.2d 791 (1980). It has always been permissible for an attorney to explain certain evidentiary problems, issues and the circumstances in a case to a jury.

■ Here, the prosecutor qualified his statement with the words "under the evidence." His argument was not an unrestricted expression of his personal opinion regarding appellant's guilt. It was merely a summation of the evidence, as he viewed it, and a deduction by him that one would have to believe the testimony of the complainant was perjured in order to find the appellant not guilty. The prosecutor did not attempt to bolster the credibility of the witness, Shannon Davenport. He only stated that Davenport's testimony would have to be disregarded in order for the jury to find appellant not guilty. This statement was a deduction from the evidence and does not constitute reversible error. Appellant's first ground of error is overruled.

In appellant's second ground of error, he argues that the state's attorney committed reversible error by appealing to community expectations. The language complained of appears in the district attorney's summation:

"But, you know, people say why don't they do something about this sort of thing. You know, you hear that, why don't they do something about this sort of thing. Well, ladies and gentlemen, ya'll are the 'they.' The buck stops with ya'll'; the buck stops with this jury to do something about what this defendant, Sammy Roosevelt Huff did out at the high school on May 28th of 1982. It's an important

case to the State in enforcement of its laws."

■ Jury arguments need to be within one of four areas to meet with the approval of the Court of Criminal Appeals:

1. summation of the evidence

2. reasonable deduction of the evidence

3. answer to argument of opposing counsel

4. a plea for law enforcement

*Alejandro v. State,* 493 S.W.2d 230 (Tex.Cr. App.1973) (citations under each area are omitted.)

■ The language used by the prosecutor in this case is quite similar to that used by the prosecutor in *Minafee v. State,* 482 S.W.2d 273, 276 (Tex.Cr.App.1972):

"... Now, I'm sure that you have had occasion to sit back in your living room and say, 'why don't they do something about it?' You've read the newspapers. 'Why don't they do something about this crime here in our country?' Well, you're 'they' and now's the time you can do something about it."

The court in *Minafee* stated that the prosecutor's argument was a proper plea for law enforcement. Here, the prosecutor did not introduce any new or harmful fact which was not in evidence as to warrant reversal. The prosecutor's argument was a proper plea for law enforcement. Appellant's second ground of error is overruled.

■ Appellant alleges in his third ground of error that the jury charge was defective due to the failure of the court to adequately instruct the jury on the effect of appellant's failure to testify. The charge requested by appellant differed from that given by the trial judge only in the last phrase in which the appellant added the words "nor draw from it any inference of defendant's guilt." Appellant claims that merely telling the jury not to consider appellant's silence as a circumstance against him did not tell them not to draw from that circumstance an inference of guilt. The language of the charge given by the trial

**638**

court in this case [1] was similar to language approved by the Court of Criminal Appeals in *Viduarri v. State,* 626 S.W.2d 749, 750 (Tex.Cr.App.1981). The trial court gave a charge which substantially tracked the language of TEX.CODE CRIM.PRO.ANN. art. 38.08 (Vernon 1979). When a charge that is given adequately covers the same subject matter as the charge refused, no harm is shown. *Viduarri v. State,* 626 S.W.2d at 750; *Sheppard v. State,* 545 S.W.2d 816 (Tex.Cr.App.1977). Appellant's third ground of error is overruled.

In appellant's fourth ground, he claims the trial court erred in not instructing the jury on mistake of fact. Appellant claims that because Shannon Davenport (complainant) was 6′ 1″ tall, weighed 195 lbs. and owned his own shrimp boat, appellant might have reasonably been mistaken as to Davenport's age. An accused is entitled to an affirmative issue only if the issue is raised by the evidence. *Carillo v. State,* 591 S.W.2d 876 (Tex.Cr.App.1979). Here, no witness testified that appellant had formulated any mistaken belief regarding the complainant's age. The fourth ground of error is overruled.

Appellant's fifth ground of error claims that the trial court committed error in overruling appellant's motion to quash on the ground that the indictment did not allege appellant knew the complainant was a child. The elements of an offense under Tex.Penal Code Ann. § 22.04 (Vernon Supp. 1982–1983) are:

"A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act or omission, engages in conduct that causes to a child who is fourteen years of age or younger or an individual who is sixty-five years of age or older: (1) serious bodily injury; (2) serious physical or mental deficiency or impairment; (3) disfigurement or deformity; or (4) bodily injury."

The pertinent portion of the indictment is as follows:

"... unlawfully, intentionally and knowingly engage in conduct that caused bodily injury to Shannon Dean Davenport, a child younger than 15 years of age, by then and there striking Shannon Dean Davenport with the fist of the said Samuel Roosevelt Huff."

The statutory elements of the crime do not include knowledge that the complainant was a child. The appellant suggests that *Briceno v. State,* 580 S.W.2d 842 (Tex.Cr. App.1979) is instructive. The *Briceno* case was an appeal taken from a conviction for indecency with a child under Tex.Penal Code Ann. § 21.11(a)(2). An element of a crime under that section of the Penal Code includes knowledge by the defendant that a child was present. There is no similar element included in Tex.Penal Code Ann. § 22.04 (Vernon Supp. 1982–1983). Appellant's fifth ground of error is overruled.

The judgment of the trial court is affirmed.

---

1. "Our law provides that a Defendant may testify in his own behalf if he elects so to do. This, however, is a privilege accorded a Defendant; and, in the event he elects not to testify, that fact cannot be taken as a circumstance against him.

In this case, the Defendant has elected not to testify; and you are instructed that you cannot and must not refer or elude to that fact throughout your deliberations or take it into consideration for any purpose whatsoever as a circumstance against him."