Leroy James HUNTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 0576–95.

Court of Criminal Appeals of Texas, En Banc.

Nov. 8, 1995.

Discretionary Review Denied Nov. 8, 1995.

## ORDER ON APPELLANT'S MOTION TO DISMISS

### PER CURIAM.

This day came on for consideration appellant's motion to dismiss the State's Petition for Discretionary Review as "improvidently granted" on grounds that the State failed to file a brief in accordance with Tex.R.App. Pro. 203(a) or to request an extension of time in which to file the same. The State responds that it did not file "an *additional* brief as *permitted* under [TRAP Rule 203]" because it decided "to rely on the caselaw and argument in its original petition[,]" and its decision does not reflect "any intent to abandon its petition" or justify dismissing it.[1] We will deny the motion to dismiss and direct the State to file a brief on the merits as required by Rule 203.

### I

### A

The basic function of a petition for discretionary review (PDR) is to present "cogent, concise *reasons why this Court should exercise* its discretionary jurisdiction." *Degrate v. State,* 712 S.W.2d 755, at 756 (Tex. Cr.App.1986). Thus Rule 202(d) admonishes the scrivener that the petition "shall be as brief as possible," and in eight subsections the rule prescribes matters of interest and concern to be included in a manner intended and designed to achieve brevity of presentation. See subsections (as renumbered), e.g., (3) brief general statement of nature of case; (5) grounds for review stated in short form without argument, or short and concise questions presented without argument or repetition; (6) reasons for review with a direct and concise argument and supporting authorities, *amplifying reasons relied on for granting review explicated in Rule 200(c).*

Manifestly, the presentation of reasons for review must focus on the opinion of

James Butler, Houston, for appellant.

Kimberly Aperauch Stelter, Asst. Dist. Atty., Houston, Robert A. Huttash, State's Atty., Austin, for the State.

1. All emphasis above and throughout is added by the writer of this order unless otherwise indicated. Similarly, all references to rules are to the Texas Rules of Appellate Procedure unless otherwise identified.

the court of appeals and its impact on our jurisprudence. *Degrate v. State,* supra; see generally *Arcila v. State,* 834 S.W.2d 357, at 360–361 (Tex.Cr.App.1992). There is no need to make a "detailed analysis" of relevant cases, statutes and rules, it is enough merely to set them out. *Degrate v. State,* supra. Because we will examine and consider factual recitations in the opinion of the court of appeals, attention may be simply directed to alleged misstatements or omission of germane facts deemed significant. *Ibid.* The limited objective is to inform the sound judicial discretion of this Court in determining whether to grant the petition in the premises—a threshold determination made in its principal role as "caretaker of Texas Law" rather than as "arbiter of individual applications [of the law]." *Arcila v. State,* supra, at 360. To that end the Court will conduct a judicious examination into reasons asserted for granting review of the ground(s) or question(s) thus raised *vis-a-vis* their importance to the jurisprudence of this State. *Degrate,* supra. That the Court grants review does not necessarily foretell its ultimate decision on the merits.

### B

■ Once the Court determines to grant review on one or more grounds for one or more reasons, the PDR becomes *functus officio.* This Court then expects, indeed demands, that the parties proceed in regular order dictated by appellate rules. Within thirty days after the grant the petitioning party *"SHALL* file a brief;" within thirty days thereafter the opposing party *"SHALL* file a brief"—both in conformity with applicable provisions of Rule 74.

■ Rule 74 instructs the petitioning party to prepare and file a full and complete presentation of the particulars designated and described therein, such that the brief conveys to the reviewing court an epitome or summary of those matters defining the cause and then urging that party's adversarial posi-

tion on the issues. That there is some overlap in information outlined in the PDR will not excuse a failure to comply with Rule 74. In certain crucial matters its mandatory provisions are more expansive and clearly contemplate that the initial brief focus on the merits of granted ground(s) for review. Thus Rule 74(f) requires an argument that includes a fair, condensed statement of the facts pertinent to the ground for review with reference to pages in the record where the same may be found, and a discussion of the facts and authorities relied on to maintain the ground at issue; to argue certain issues such as error in the charge or treatment of evidence, the germane part of the record must be set out in full or in substance, respectively. Moreover, any statement as to the facts or to the record made by the petitioning party may be accepted by the Court unless challenged by the opposing party in its own brief. In short, for the convenience of the Court and the parties the self-contained brief effectively supersedes the PDR.

### II

■ The State labors under the impression that the petitioning party may opt to rely on the caselaw and argument in its PDR, reading Rule 203(a) merely to "permit" the petitioning party to file "an additional brief." Our own analysis developed above in Part I leads us to conclude that there is no such option express or implied, and that the rule is mandatory not permissive in nature. We are satisfied that Rule 203(a) means exactly what it says, and therefore hold that a petitioning party *SHALL file a brief* complying with applicable provisions of Rule 74 within the time required, or risk dismissal of its PDR.[2]

Appellant's motion to dismiss the PDR is denied. Instead the Court directs counsel for the State to prepare and file its brief on the merits within thirty days from the day this order becomes final. Meanwhile the time for appellant to file his brief is extended

---

2. That in a particular case the Court may direct a party to file a brief under Rule 203(d) does not somehow make optional strict compliance with the mandates of Rule 203(a) and (b). Rule 203(d) is an "enforcement" provision, confirm-

ing that this Court has plenary power to require a brief or another brief from any party, including one in default of Rule 203(a) in lieu of dismissing the PDR of that party.

to thirty days after the day the State files its brief.

IT IS SO ORDERED.

McCORMICK, P.J., and MEYERS and KELLER, JJ., dissent.