**Jaime ZUBIA, Jr., Appellant,**

v.

**The STATE of Texas.**

No. 926–98.

Court of Criminal Appeals of Texas, En Banc.

June 9, 1999.

Lauren K.S. Murdock, El Paso, for appellant.

Karen L. Landinger, Assist. DA, El Paso, Matthew Paul, State's Atty., Austin, for the State.

**OPINION**

PER CURIAM.

The issue in this case is whether, in the offense of injury to a child,[1] the culpable mental state applies to the age of the victim. We hold that it does not.

The appellant, a member of a "gang," believed that a rival gang had driven by his house and fired a gunshot at it. He and other gang members drove within range of a rival gang member's house. The appellant fired a gun at people standing in the yard of the house. He hit one of the people, a four-year old child, causing serious bodily injury.

---

1. " (a) A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act or intentionally, knowingly, or recklessly by omission, causes to a child, elderly individual, or disabled individual:
    (1) serious bodily injury,

    (2) serious mental deficiency, impairment, or injury, or
    (3) bodily injury.
  . . .
"(c) In this section:
    (1) 'Child' means a person 14 years of age or younger." TEX. PENAL CODE § 22.04.

The appellant asked the court of appeals to find that the evidence was insufficient to prove his guilt. The court of appeals overruled this point, and all the appellant's points of error.

One of the appellant's arguments was that, if he intended to shoot the child's adult uncle (as he claimed in his statement to police), under the doctrine of transferred intent the evidence would not prove that he intended to injure a child. The court of appeals held that the injury-to-a-child statute did not require proof of intent to injure a child. *Zubia v. State*, No. 08–96–00096–CR, slip op. at 6–7 (Tex.App.—El Paso March 19, 1998) (not designated for publication):

> One sister court has said that the statute does not specifically require scienter with respect to the victim's age, and held that the State need not prove knowledge or intent. *Huff v. State*, 660 S.W.2d 635, 638 (Tex.App.—Corpus Christi 1983, pet. ref'd). Likewise, other criminal statutes focusing on child victims tend not to require scienter as to age. Knowledge or intent with respect to the complainant's age is not an element of indecency with a child. TEX. PEN.CODE ANN. § 21.11(a) (Vernon 1994); *Roof v. State*, 665 S.W.2d 490, 491 (Tex. Crim.App.1984). Where sexual assaults or aggravated sexual assaults ordinarily require the complainant's lack of consent, but if the complainant is a child, consent is not required. TEX.PEN.CODE ANN. §§ 22.011(a)(1) (sexual assault); 22.021(a)(1)(A) (aggravated sexual assault); *compare to* §§ 22.011(a)(2) (sexual assault); 22.021(a)(1)(B) (aggravated sexual assault). Mistake of fact with respect to the complainant's age is likewise not a defense. *See Vasquez v. State*, 622 S.W.2d 864, 865 (Tex.Crim. App.1981). Although murder can become capital murder if the actor kills an individual under the age of six, TEX.PEN.

CODE ANN. § 19.03(a)(8), we have found no case addressing knowledge or intent as to the victim's age.

> In contrast, where the Legislature has acted to protect other classes of victims, i.e. public servants, it acted differently. Punishment for simple assault or an aggravated assault can be enhanced if the actor knows the victim is a public servant. TEX.PEN.CODE ANN. § 22.01 (assault); TEX.PEN.CODE ANN. § 22.02 (aggravated assault). The capital murder statute also requires knowledge where the victim is a police officer or fireman. Section 19.03(a)(1).

> We, thus, conclude that the statute does not require the State to prove Zubia had intent or knowledge in connection with the victim's age. The State can prove its case relying on transferred intent.

We agree.

We also granted review of another ground,[2] but in light of the court of appeals' alternative holding on the question, our grant of review was improvident.

The judgment of the court of appeals, which affirmed the conviction, is affirmed.

MEYERS, J., has a dissenting opinion.

MEYERS, J., delivered this dissenting opinion.

In his petition for discretionary review, appellant articulated five arguments in support of his position that the Court of Appeals was wrong in its interpretation of Texas Penal Code § 22.04. We granted appellant's petition, requiring appellant to elaborate on these arguments in a brief. *Hunter v. State*, 954 S.W.2d 767, 769 (Tex.Crim.App.1995)("petitioning party SHALL file a brief complying with applicable provisions of Rule 74 within the time required, or risk dismissal of its

---

**2.** "Does this court's opinion in *Malik v. State*, 953 S.W.2d 234 (Tex.Cr.App.1997), extend to the State's legal or factual grounds that were not submitted to the jury?"

The court of appeals held, alternatively, that the evidence was sufficient to support the verdict that the appellant intended to cause serious bodily injury to a child victim.

PDR"). We also granted oral argument, inviting more of the same. Now in issuing its opinion "on appellant's petition for discretionary review," the majority does not address a single one of appellant's arguments, adopting verbatim the one paragraph analysis and holding of the Court of Appeals.[1] These facts speak for themselves. I will refrain from commenting on my view of the majority's handling of this case.

Turning to the merits, this is a case of statutory construction. Penal Code section 22.04 provides:

(a) A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act or intentionally, knowingly, or recklessly by omission, causes to a child, elderly individual, or disabled individual:

(1) serious bodily injury,

(2) serious mental deficiency, impairment, or injury, or

(3) bodily injury.

The question raised by appellant is whether the Court of Appeals erred in holding that § 22.04 "does not require the State to prove [appellant] had intent or knowledge in connection with the victim's age." *Zubia v. State*, No.08-96-00096-CR slip op. at 7 (Tex.App.—El Paso March 19, 1998) (designated do not publish).

As with all cases of statutory construction, proper analysis begins with the plain language of the provision.[2] *Boykin v.*

*State*, 818 S.W.2d 782, 785–86 (Tex.Crim. App.1991). Appellant argues that a grammatically correct analysis of § 22.04 requires a finding of knowledge or intent in connection with the victim's age:

From a purely grammatical standpoint, focusing upon "serious bodily injury" ... while ignoring the preceding "child, elderly individual or disabled individual" language in § 22.04 has no basis in logic. Under the Court of Appeals' construction of § 22.04, the *mens rea* requirement skips over the special condition of the victim and attaches to the phrase "serious bodily injury." In other words, the Court of Appeals reads "child, elderly individual or disabled individual" out of the statute entirely. Because the Legislature placed the words "intentionally, knowingly, recklessly, or with criminal negligence by act" directly in front of the phrase "causes to a child, elderly individual, or disabled individual" in § 22.04, it is grammatically awkward and illogical to conclude that the *mens rea* requirement applies only to "serious bodily injury," which comes later in the sentence, and not to "a child, elderly individual or disabled individual" which directly follows the *mens rea* phrase. Thus, the grammatical construction of § 22.04 indicates that the actor's intent goes not only to committing serious bodily injury, but also the actor's intent to target a child, elderly or disabled individual.

---

**1.** Appellant asserts the Court of Appeals erred in its holding for five reasons:

1. Appellant argues that under prior caselaw, section 22.04 is not a strict liability law.

2. Appellant analyzes the plain language of the provision, concluding that under a grammatically correct reading, section 22.04 requires *mens rea* as to the victim's age.

3. Appellant argues that the consequences of the Court of Appeals' holding are contrary to the letter and spirit of this Court's previous caselaw.

4. Appellant discusses other courts of appeals' opinions construing the provision

contrary to the Court of Appeals in this case.

5. Appellant points to other assault provisions that are elevated or enhanced upon a showing of additional knowledge and discusses the deterrent purposes served by such construction.

**2.** We only look beyond the plain language of a statute where application of the plain language would lead to absurd consequences that the Legislature could not possibly have intended, or where the plain language is ambiguous. *Boykin, supra.* The Court of Appeals did not attempt a plain language analysis or offer an explanation as to why it should not be examined. Neither has the majority.

Appellant's Brief at 5–6. If the Legislature had wanted to make it plain that the *mens rea did not* attach to the status of the victim, it should have referred to the victim at either the beginning of the statute or at the end, thus indicating that the victim's status is not modified by the *mens rea* requirement.[3] By referring to the victim's status immediately following the *mens rea* requirement, it is most grammatically logical to read the requirement as modifying the victim's status as well as the subsequently stated act or omission.[4] *Schultz v. State*, 923 S.W.2d 1, 2 (Tex.Crim.App.1996)(plurality opinion)(stating "[w]e agree with the Court of

Appeals that, according to the plain language of Sec. 22.041, *the fact that 'intentionally' immediately precedes 'abandons' means that the prescribed mental state is connected with the act of abandonment itself")(emphasis added)*. No other interpretation seems reasonable under a *Boykin* plain language analysis.[5]

Because I am persuaded more by appellant's statutory analysis than the Court of Appeals' opinion, I dissent.

---

3. For instance:
    (a) A person commits an offense if, *to a child, elderly individual, or disabled individual,* he intentionally, knowingly, recklessly, or with criminal negligence, by act or intentionally, knowingly, or recklessly by omission, causes. . . .
    or:
    (a) A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act or intentionally, knowingly, or recklessly by omission, causes:
    (1) serious bodily injury,
    (2) serious mental deficiency, impairment, or injury, or
    (3) bodily injury
    *and such act or omission is done to a child, elderly individual, or disabled individual.*

4. Granted, the Legislature could have made the connection between the *mens rea* and the status of the victim unquestionable by expressly requiring, as in other provisions, that the defendant knowingly targeted this particular type of victim. *See* Tex. Penal Code § 19.02(1) (murder of peace officer or fireman is capital offense where actor knows such person is peace officer or fireman); Tex. Penal Code § 22.02(b)(2) (aggravated assault is felony of first degree when actor knew victim was public servant who was lawfully discharging official duty). Indeed, the Court of Appeals' opinion suggests that section 22.04 should be construed as not requiring that the actor knew the victim's status for the sole reason that other provisions are explicit in requiring knowledge of the victim's status, while section 22.04 is not. But the victims who are the subject of explicit *mens rea* provisions are different than the victims at issue in section 22.04. A peace officer or public servant is not necessarily identifiable as such by virtue of their physical appearance. On the

other hand, a child, an elderly individual, and a disabled individual are more often than not identifiable as such based upon their physical appearance. Thus, it is not particularly significant that the Legislature did not explicitly require knowledge of the victim's status under 22.04 since that status would in most cases be readily apparent to the actor.

5. There is caselaw supporting the view that *each* element or "conduct element" in an offense calls for an accompanying mental state, unless the controlling penal statute plainly dispenses with one. *Lugo–Lugo v. State*, 650 S.W.2d 72, 87 (Tex.Crim.App.1983) (Clinton, J., concurring) (cited with approval by a majority of the court in *Graham v. State*, 657 S.W.2d 99, 101 (Tex.Crim.App.1983)). An argument might be made that the victim's status is a "circumstance surrounding the conduct," a "conduct element" to which a culpable mental state must apply. However, some cases suggest that a "circumstance surrounding the conduct" only requires an accompanying mental state when "otherwise innocent behavior becomes criminal because of the circumstances under which it is done." *McQueen v. State*, 781 S.W.2d 600, 603 (Tex. Crim.App.1989); *Lugo–Lugo*, 650 S.W.2d at 88. That is not the case here. An act or omission under section 22.04 is not otherwise innocent activity which is made criminal only because of the victim's status. Rather such acts or omissions are already criminally assaultive and are merely elevated in degree due to the victim's status. Because this area of the law is unsettled and somewhat in dispute, *Schultz v. State*, 923 S.W.2d 1 (Tex.Crim.App.1996)(plurality and dissenting opinions); *Long v. State*, 931 S.W.2d 285, 291 n. 5 (Tex.Crim.App.1996), because neither the Court of Appeals nor the parties directly address it, and because I am alone in my views

on this case, I will not expend more time exploring this potentially viable theory.