11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Marcos
Gallardo

Appellant

Vs.                   No. 
11-04-00049-CR -- Appeal from Erath County

State
of Texas

Appellee

 

On April 3, 2002, Marcos Gallardo entered a plea
of guilty to the offense of indecency with a child by exposure.  The trial court deferred adjudication of
guilt, placed appellant on community supervision for 10 years, and assessed a
$2,000 fine.  On January 15, 2004,
appellant filed an application for writ of habeas corpus pursuant to TEX. CODE
CRIM. PRO. ANN. art. 11.072 (Vernon Supp. 2004 - 2005).  The trial court issued an order in which it
denied appellant=s application
for writ of habeas corpus.  It is from
this order that appellant appeals.  We
affirm.

Appellant brings three issues on appeal
challenging the trial court=s
denial of his application for writ of habeas corpus.  Appellant argues that the trial court
improperly admonished him concerning the consequences of deportation, that he
received ineffective assistance of counsel, and that newly-discovered evidence
requires a reversal of his conviction. 
In its decision to deny appellant=s
writ of habeas corpus, the trial court considered conflicting affidavits.  The facts surrounding appellant=s entering a plea of guilty were
contested.  Accordingly, we will give
deference to the trial court=s
decision and uphold that decision absent an abuse of discretion.  See Manzi v. State, 88 S.W.3d 240, 244
(Tex.Cr.App.2002).








In his first issue on appeal, appellant argues
that the trial court improperly admonished him concerning the consequences of
deportation.  The record shows and
appellant admits that, before entering his plea of guilty, he was given written
admonishments as required by TEX. CODE CRIM. PRO. ANN. art. 26.13(a) (Vernon
Supp. 2004 - 2005).  TEX. CODE CRIM. PRO.
ANN. art. 26.13(d) (Vernon 1989) allows the admonishments to be given orally or
in writing.  Appellant complains on
appeal that the trial court did not orally admonish him that his plea of guilty
could lead to his deportation because he is not a citizen of the United
States.  The record shows that appellant
waived the trial court=s
oral admonishments and indicated that he had read his rights and understood his
rights.  

Appellant further argues that the trial court
misled him by stating that, if appellant complied with the terms of his
community supervision, Athen
this does not become a final conviction on your record.@  Appellant contends that, because of this
statement, he believed he could not be deported.  The trial court=s
statement advises appellant of the effect of placing him on deferred
adjudication.  The trial court went on to
explain to appellant the consequences of not abiding by the terms of his
community supervision.  These statements
occurred after appellant indicated to the trial court that he had read and
understood the written admonishments that he signed.   Appellant further stated that he fully
discussed the case with his trial attorney. 
We do not find that the trial court=s
statement misled appellant concerning the possibility of deportation.  Moreover, the record shows that appellant
signed an affidavit stating that he had been advised that, by pleading guilty, Athere is a very strong likelihood that
I will be deported from this country.@  The record shows that the trial court
complied with the requirements of TEX. CODE CRIM. PRO. ANN. art. 26.13 (Vernon
1989 & Supp. 2004 - 2005) and that appellant was properly admonished
concerning the consequences of his guilty plea. 
Appellant=s first
issue on appeal is overruled.

In his second issue on appeal, appellant contends
that his trial counsel was ineffective in advising appellant to enter a plea of
guilty, in withholding information from the trial court, and in failing to
properly research the case.  When a
defendant challenges the voluntariness of a plea as a result of ineffective
assistance, we determine (1) whether trial counsel=s
advice was within the range of competence demanded of attorneys in criminal
cases and (2) whether there is a reasonable probability that, but for trial
counsel=s errors,
he would not have pleaded guilty and would have insisted upon going to
trial.  Ex Parte Moody, 991 S.W.2d
856 (Tex.Cr.App.1999).








The record shows that appellant signed a waiver of
admonishments indicating that he understood his rights.  Appellant further signed an affidavit stating
that he had been advised of the possibility of deportation upon entering a plea
of guilty.  Appellant testified at the
hearing that his trial counsel fully discussed the case with him and answered
all of his questions.  The record does
not support appellant=s
argument that his trial counsel withheld information from the trial court.  The record further shows that, at the guilty
plea hearing, appellant testified that his trial counsel discussed Apotential witnesses, potential evidence
the [S]tate had, and discussed everything from the laboratory reports to the
alleged victim.@
Appellant has not shown that he received ineffective assistance of
counsel.  Appellant=s second issue on appeal is overruled.

In his third issue on appeal, appellant argues
that Anew
evidence has been discovered that should be considered in reversing the
judgment@ of the
trial court.  Appellant obtained a
written statement from the chief of police at the time of the offense.  The officer stated that he believed the
incident between appellant and the victim was Aconsensual.@ 
Appellant was convicted of indecency with a child by exposure.  TEX. PENAL CODE ANN. '
21.11(a)(2) (Vernon 2003).  It is an
affirmative defense if the actor was not more than three years older than the
victim and if the actor did not use duress, force, or a threat against the
victim.[1]  TEX. PENAL CODE ANN. '
21.11(b)(1)(2) (Vernon 2003).  TEX. PENAL
CODE ANN. ' 21.11(a)
(Vernon 2003) does not require that the State show that the offense was
committed without the consent of the victim. 
See Black v. State, 26 S.W.3d 895, 898 (Tex.Cr.App.2000); see
also Zubia v. State, 998 S.W.2d 226, 227 (Tex.Cr.App.1999).  The Anew
evidence@ does not
establish that appellant is innocent of the offense.  See Ex parte Franklin, 72 S.W.3d 671
(Tex.Cr.App.2002); see also Ex parte Elizondo, 947 S.W.2d 202
(Tex.Cr.App.1996).  Appellant=s third issue on appeal is overruled.

The judgment of the trial court is affirmed.

 

JIM R. WRIGHT

JUSTICE

 

September 30, 2004

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.











[1]The record shows that appellant was more than three
years older than the victim.