PD-1391-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/11/2015 11:10:37 PM
Accepted 11/12/2015 2:23:33 PM
ABEL ACOSTA
CLERK

## NO. PD-1391-15
## COA NO. 11-13-00277-CR

IN THE
COURT OF CRIMINAL APPEALS OF TEXAS
AUSTIN, TEXAS

STATE OF TEXAS

Appellant,

v.

MIKENZIE RENEE RODRIGUEZ

Appellee.

On Petition for Discretionary Review from the Eleventh Court of Appeals in Cause
No. 11-13-00277-CR from the 35th District Court, Brown County, Texas

REPLY TO STATE'S PETITION FOR DISCRETIONARY REVIEW

ORAL ARGUMENT REQUESTED

FILED IN
COURT OF CRIMINAL APPEALS

November 12, 2015

ABEL ACOSTA, CLERK

Matthew G. Wright    &    Sharon Diaz
State Bar No. 24049956      24050005
PO Box 522
Rosebud, Texas 76570
(254) 709-3564 Telephone
(877) 455-1229 Fax
matthew@dlwhelp.com

**ATTORNEYS FOR MIKENZIE RENEE RODRIGUEZ**

1

# STATEMENT REGARDING ORAL ARGUMENT

The Appellee requests oral arguments. Although, the Appellee believes oral arguments are not necessary given the current precedent regarding warrantless searches of residences without consent or exigent circumstances, the Appellee requests oral arguments to address the Appellant's arguments.

# IDENTIFICATION OF THE PARTIES

**Appellant:**                                        State of Texas

**Appellee:**                                         Mikenzie Renee Rodriguez

**Appellant's Counsel (Trial and Appeal):**  Elisha Bird,
Assistant District Attorney
35th Judicial District Attorney's
Office, 200 S. Broadway
Brownwood, Texas 76801

Michael B. Murray,
District Attorney
35th Judicial District Attorney's
Office, 200 S. Broadway
Brownwood, Texas 76801

Appellee's Counsel (Trial and Appeal):    Matthew G. Wright and
Sharon L. Diaz,
PO Box XXXXX
Rosebud, Texas 76570
(254) 583 -0009
matthew@dlwhelp.com

Trial Judge:                                          Honorable Stephen Ellis
District Judge
35th Judicial District

# TABLE OF CONTENTS

Index of Authorities……………………………………………………………………..iv

Statement of the Case………………………………………………………………...vi

Statement of Procedural History of the Case………………………………………...vi

Summary of the Argument……………………………………………………………1

ISSUE 1:  The Eleventh Court of Appeals properly applied the Abuse of Discretion standard of Review and considered the trial court's findings of fact and conclusions of law.  The State's contention that the appellate court conduct a trial de novo is improper. …………………………………………………..........................2

    A. The Eleventh Court of Appeals applied the correct standard of review…………………………………………………………………………….3

    B. The Eleventh Court of Appeals did examine the totality of the circumstances and held that the trial court did not abuse discretion concerning the issue of consent………………………………………..6

ISSUE 2:  The Court of Appeals properly applied the protections of the Fourth Amendment when the State Failed to prove consent, existence or a warrant, or the presence of exigent circumstances……………………………………………………8

ISSUE 3:  Petition for Discretionary Review should be refused because there is no conflict of law or interpretation created by the opinion of the Eleventh Court of Appeals…...…………………………………………….…………………………10

Prayer ……………………………………………………………………………..14

# INDEX OF AUTHORITIES

**Constitutions, Statutes, and Rulings**

U.S. Const. amend. IV……………………………………………………….. *passim*

Tex. Const. art. I, § 9…………………………………………………….…*passim*

TEX. CRIM. PROC. CODE ANN. § 38.23(a) (West 2012)…………...…5, *passim*

**Cases**

*Crain v. State*, 315 S.W.3d 43 (Tex. Crim. App. 2010)…………………………10

*Degrate v. State*, 712 S.W.2d 755, 756–57 (Tex. Crim. App. 1986)…………..…..13

*Grubbs v. State*, 177 S.W.3d 313
    (Tex. App. – Houston [1st Dist.] 2005)…....................................5, 10, 11, 12

*Harrison v. State, 205 S.W.3d 549 (Tex. Cim. App. 2006)* …………….…...........…3

*Hubert v. State,* 286 S.W.3d 484 (2009)…………………………………………7

*Hunter v. State,* 954 S.W.2d 767, 768 (Tex. Crim. App. 1995) (*en banc*)…………13

*Mattias v. State*, 731 S.W.2d 936 (Tex. Crim. App. 1987)………………………..4

*Medlock v. Trustees of Indiana Univ.*, No. 1:11-CR-00977-TWP-DKL, 2011 WL 4068453 (S.D. Ind. 2011)………………………………………………..8, 10

*Meeks v. State*, 692 S.W.2d 504 (Tex. Crim. App. 1985)…………………...…...7

*Piazzola v. Watkins*, 442 F.2d 284 (5th Cir. 1971)………………………...……..8

*Schneckloth v. Bustamonte*, 412 U.S. 218 (1973)…………………………………7

*Spring v. State*, 626 S.W.2d 37, 41 (Tex. Crim. App. [Panel Op.] 1981)……………9

*State v. Ballard*, 987 S.W.2d 889 (Tex. Crim. App. 1999)…………………………..4

*State v. Dixon*, 206 S.W.3d 587 (Tex. Crim. App. 2006)…………………………..10

*State v. Garcia-Cantu*, 253 S.W.3d 236 (Tex. Crim. App. 2008)……………......3, 4

*State v. Ibarra*, 953 S.W.2d 242 (Tex. Crim. App. 1997)…………………………7

*State v. Kelly*, 204 S.W.3d 808 (Tex. Crim. App. 2006)…………………………...3

*State v. Rodriguez, 2015 WL 5714548, ___ S.W.3d ____*
 (Tex. App. –Eastland 2015) ………………………………………1, *passim*

*State v. Ross*, 32 S.W.3d 853 (Tex. Crim. App. 2000)…………………….…4, 6

*United States v. York,* 895 F.2d 1026 (5th Cir. 1990)……………………………7

*Valtierra v. State*, 310 S.W.3d 442, 448 (Tex. Crim. App. 2010)…………………..9

## STATEMENT OF THE CASE

Appellee was arrested by Brownwood Police Department for Possession of a Controlled Substance following a search conducted by members licensed police officers. The search was conducted inside of the Appellee's residence, a university dormitory room.

## STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE

Appellee was indicted for Possession of a Controlled Substance and filed a motion to suppress. After hearing, the trial judge granted Appellee's motion.

The Eleventh Court of Appeals affirmed the trial court's ruling on September 24, 2015. A motion for rehearing was not filed. The State's Petition for Discretionary Review was filed on October 26, 2015. The Appellee's reply is due on November 12, 2015.

## SUMMARY OF THE ARGUMENT

Appellee respectfully requests that this Court deny the State's Petition for Discretionary review because the Eleventh Court of Appeals decision is correct and should be affirmed. *See State v. Rodriguez*, No. 11-13-00277-CR, 2015 WL 5714548, at *1 (Tex. App.—Eastland Sept. 24, 2015, pet. filed). The Eleventh Court Of Appeals' rightfully applied the proper standard of review and concluded that the trial court did not abuse its discretion and at one point opined that the "State's contention…is not logical," See *Rodriguez*, 2015 WL 5714548, at *9.

In the first issue raised, the State argues that the Eleventh Court of Appeals should consider the totality of the circumstances instead of applying abuse of discretion as a standard of review.

Next, the State argues that a test must be created to balance the interest of a university to provide a safe environment against the interest of the State as the Fourth Amendment. A sufficient balancing test already exists to address this interest and a change is not necessary.

Finally, the State argues that the Court of Appeals erred in categorically ruling that the plain view doctrine did not apply. We contend, that the State's own witnesses testified that the plain view doctrine did not apply and the trial court agreed

1

that the plain view doctrine did not apply; thus the Eleventh Court of Appeals found no abuse of discretion.

The State's three grounds for review are meritless and only function as an improper means to reargue issues that have already been properly decided.

## ARGUMENT

**ISSUE 1: THE ELEVENTH COURT OF APPEALS PROPERLY APPLIED THE ABUSE OF DISCRETION STANDARD OF REVIEW AND CONSIDERED THE TRIAL COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW. THE STATE'S CONTENTION THAT THE APPELLATE COURT CONDUCT A TRIAL DE NOVO IS IMPROPER.**

The Eleventh Court of Appeals correctly affirmed the trial court's grant of Appellee's pretrial motion to suppress. Specifically, the Eleventh Court of Appeals applied the proper standard of review and law to the facts of this case. The State incorrectly argues that the Eleventh Court of Appeals erred in its decision because it relied on general principles of privacy, and did not review how the totality of circumstances may have lessened Appellee's expectation of privacy. *See Appellant's Brief*, at *10. But, the State's contentions are incorrect for three reasons (1) the Eleventh Court of Appeals applied the correct standard of review; (2) the Eleventh Court of Appeals did examine the totality of the circumstances in the context of consent, and (3) the State was incorrect in its argument that Eleventh Court of Appeals' decision conflicts with decisions from the Court of Criminal Appeals or the United States Supreme Court.

2

## A. The Eleventh Court of Appeals applied the correct standard of review.

The Eleventh Court of Appeals properly applied the abuse of discretion standard of review to the trial court's decision. It would have been improper to apply a trial court's totality of the circumstances test, as suggested by the State, in an appeal. *See Appellant's Brief*, at *10, 14. The State is claiming the Court of Appeals erred by not conducting a trial de novo.

It is significant to point out to this Court that the trial court made explicit findings of fact and conclusions of law with respect to its grant of Appellee's motion to suppress. Whenever the trial court's ruling on a motion to suppress is supported by findings of fact, the appellate court properly reviews the evidence in a light most favorable to the trial court's ruling to determine whether the evidence supports the fact findings, then conducts a review of the trial court's legal rulings. *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). If the voluntariness of the consent is challenged at trial, the State has the burden to prove by clear and convincing evidence that any consent to search was given freely and voluntarily. *Harrison v. State*, 205 S.W.3d 549, 552 (Tex. Crim. App. 2006). These points are vital to this Court's review of the State's petition for discretionary review.

In reviewing a trial court's ruling on a motion to suppress, appellate courts must view all of the evidence in the light most favorable to the trial court's ruling. *See State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008). The trial

court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *See State v. Ballard*, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999). Accordingly, the judge may believe or disbelieve all or any part of a witness's testimony, even if that testimony is not controverted. *See Mattias v. State*, 731 S.W.2d 936, 940 (Tex. Crim. App. 1987). This same highly deferential standard applies regardless of whether the trial court has granted or denied a motion to suppress evidence. *State v. Ross*, 32 S.W.3d 853, 854–55 (Tex. Crim. App. 2000). (applying "almost total deference" to trial court's implied factual findings and assessment of credibility and demeanor when it granted the motion to suppress). Thus, the party who prevailed in the trial court is afforded the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence. *Garcia-Cantu*, 253 S.W.3d at 241.

The State's argument distorts the appropriate standards of review, and actually ignores much of the Eleventh Court of Appeals analysis. The State seems to want this Court to grant a petition for discretionary review based upon conjecture and implication of consent through a contract that allows for administrative inspections. The legal standard to establish consent under these circumstances is by clear and convincing evidence and this burden is on the State. In other words, if there is a close call regarding whether consent was or was not voluntarily given, appellate courts are required to resolve this issue in favor of the Defendant. The State failed to meet their

burden of proving consent and the evidence introduced by the State demonstrates that consent was physically impossible. A search for criminal investigative purposes by any other name is still circumscribed by the Fourth Amendment. Such a search, as in the instant case, which seeks to gather evidence for purposes of prosecution, falls squarely within the purview of the Constitutional protection and must be subject to the exclusionary rule. Tex. Criminal Proc. Code Ann. §§38.23(a).

A university official—under a valid and consensual contract signed by the student—may rightfully enter and search a dorm room in order to maintain school policy. *See generally Grubbs v. State*, 177 S.W.3d 313, 319–20 (Tex. App.- Houston [1st Dist.] 2005) (explaining that a college student's dorm contract gave "ample authority for the Resident Assistant's entry" in order to "fulfill [his] daily duties. . . or in cases of reasonable suspicion of activity endangering the individual or the community."). The policies must be for health and safety purposes and will only be upheld as to the enforcement of specific campus rules by university officials. The policies **cannot** be used for law enforcement purposes. *Grubbs* thoroughly discusses that campus police may conduct university health and safety checks, but if their checks appear to have a law enforcement purpose and go further than enforcement of the terms of the residence contract, Texas courts will require them to obtain a valid search warrant, have exigent circumstances, or have the express consent of the targeted student at the time of the search. *See generally Grubbs,* 177

5

S.W.3d 313. This point seems lost on the State in its petition. Significantly, the trial court found that there was no consent to enter Appellee's dorm room nor were there any exigent circumstances. Absent one or the other, the Court rightly concluded that all evidence was obtained illegally.

Furthermore, the State has failed to form its arguments under the appropriate standard of review, and is asking the Court of Criminal Appeals to require appellate courts to conduct trial de novo on appeals. The trial court's findings of fact and conclusions on mixed questions of law and fact depending on witness demeanor and credibility are to be given deference on appeal. *See Ross*, 32 S.W.3d at 854–55. Moreover, the State failed to explain the application of that standard to expressly made findings of fact. Therefore, this Court should refuse the State's first issue for review.

**B. The Eleventh Court of Appeals did examine the totality of the circumstances and held that the trial court did not abuse discretion concerning the issue of consent.**

Contrary to the State's argument, the Eleventh Court of Appeals did evaluate the apparent consent issue under the totality of the circumstances. *See Rodriguez*, 2015 WL 5714548, at *11. Specifically, the Eleventh Court of Appeals reasoned that the totality of the circumstances should be examined in a determination of reasonableness for an officer to rely on the consent of another individual. *Id*.

An exception to the warrant requirement is a search conducted pursuant to consent. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973). Under the Texas Constitution, the State must prove by clear and convincing evidence that the consent to search was freely given. *See State v. Ibarra*, 953 S.W.2d 242, 244–45 n.1 (Tex. Crim. App. 1997) (*en banc*). Whether the consent to search was in fact voluntary is to be determined from the "totality of the circumstances." *Meeks v. State*, 692 S.W.2d 504, 510 (Tex. Crim. App. 1985) (*en banc*)). Furthermore, a third party may consent to a search of another's property if the third party has actual authority over the thing being searched. *See Rodriguez*, 2015 WL 5714548, at *11 (*citing Hubert v. State*, 312 S.W.3d 554, 560 (Tex. Crim. App. 1985)).

Here, the Eleventh Court of Appeals did "examine the totality of the circumstances to determine whether it is reasonable under the Fourth Amendment for an officer to rely on the consent of another person to justify a warrantless search." *Id*. On the contrary, the State incorrectly relies on *United States v. York*, contending, "Activities or circumstances within a dwelling may lessen an owner's reasonable expectation of privacy by creating a risk of intrusion which is 'reasonably foreseeable'." *See Appellant's Brief*, at *10 (*citing United States v. York*, 895 F.2d 1026, 1029 (5th Cir. 1990). But, this reliance is misguided because ***a warrant was obtained*** in *York*. See *York*, 895 F.2d at 1027–29. *Emphasis added*

Finally, the State argues that a determination of whether any Fourth

Amendment protection exists must first be made before concluding that a search occurred. Regardless of order, the Eleventh Court of Appeals found that a search did occur and that "a student who occupies a college dormitory room enjoys the protection of the Fourth Amendment." *Rodriguez*, 2015 WL 5714548, at \*11–12 (*citing Piazzola v. Watkins*, 442 F.2d 284, 289–90 (5th Cir. 1971)). Also, the Eleventh Court of Appeals correctly distinguished the decision in *Medlock v. Trustees of Indiana University* from this Case. *See Rodriguez*, 2015 WL 5714548, at \*9–10 (*citing Medlock*, No.1:11-CV-00977-TWP-DKL, 2011 WL 4068453, at \*1–5 (S.D. Ind. Sept. 13, 2011). The Eleventh Court of Appeals correctly reasoned that *Medlock* was unlike this Case because it involved an administrative proceeding where the officer **obtained a warrant** after observing criminal activity in plain view. *Id*. *Emphasis added*.

Therefore, this Court should refuse the State's first issue for review because the Eleventh Court of Appeals applied the correct standard of review as well as relevant law in its decision.

## ISSUE 2: THE COURT OF APPEALS PROPERLY APPLIED THE PROTECTIONS OF THE FOURTH AMENDMENT WHEN THE STATE FAILED TO PROVE CONSENT, EXISTANCE OF A WARRANT, OR THE PRESENCE OF EXIGENT CIRCUMSTANCES.

The Eleventh Court of Appeals correctly affirmed the trial court's grant of Appellee's pretrial motion to suppress, because Appellee's dorm room is protected

under the Fourth Amendment and exigent circumstances did not exist to justify the warrantless search of Appellee's dorm room. The State incorrectly attempts to characterize the warrantless search of Appellee's dorm room as a "minimal intrusion" that should be balanced against Appellee's Fourth Amendment rights when determining the reasonableness of a search. *See Appellant's Brief*, at \*7.

We agree with the State's contention "the application of the Fourth Amendment to searches of dormitories is an important question of both state and federal law," but we disagree with the State's argument that this question has not been settled by this Court. *See Appellant's Brief*, at \*15. The Eleventh Court of Appeals correctly reasoned that the entry into a residence by police officers is a search for purposes of the Fourth Amendment. *See Rodriguez*, 2015 WL 5714548, at \*8 (*citing Valtierra v. State*, 310 S.W.3d 442, 448 (Tex. Crim. App. 2010). Furthermore, the Eleventh Court of Appeals correctly relied on this Court's opinion in *Spring v. State*, which notes that tenants' homes should not be secure under the Fourth Amendment only under the discretion of their landlord. *Id.* (*citing* 626 S.W.2d 37, 41 (Tex. Crim. App. [Panel Op.] 1981).

Furthermore, the State conceded the issue of whether the Fourth Amendment protected Appellee's dorm room. See *Appellant's Brief* at\*9, *Rodriguez*, 2015 WL 5714548 ("When analyzing the issue of whether a college student has a legitimate expectation of privacy in a dorm room, clearly the answer is generally yes."). The

State argues that this is a unique ruling. It is not. It is significant to point out that the State relies on *Medlock*, which like *Grubbs*, actually supports the Appellee's argument that the university has a right to conduct health and safety checks but a search with prosecutorial intent still invokes Fourth Amendment protections. *Grubbs*, 177 S.W.3d 313. Furthermore, the line between Administrative searches and Law Enforcement Searches has long been established, whether in a dorm, a home, a business, or in other properties. *See State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006); *Crain v. State*, 315 S.W.3d 43, 48–49 (Tex. Crim. App. 2010).

Neither the Appellee, the trial court, Eleventh Court of Appeals, nor case law disagrees with the balancing test. The precedent and agreement of the various courts, hold that the balance is achieved by ensuring law enforcement obtains consent, obtains or a warrant, or can articulate the presence of exigent circumstances. During the suppression hearing, the State failed to produce testimony or evidence that voluntary consent by Appellee or the roommate was obtained in any form: verbal or written. (R.R. Vol. p. 43, 53). The trial court heard testimony from the State's own witnesses stating that there were no exigent circumstances and the items were not in plain view. (R.R. VOL. 2, p. 43, 54-55) Neither the trial court, nor the Eleventh Court of Appeals erred when applying the Fourth Amendment, therefore, this Court should refuse the State's second issue for review.

**ISSUE 3: PETITION FOR DISCRETIONARY REVIEW SHOULD BE REFUSED BECAUSE THERE IS NO CONFLICT OF LAW OR**

## INTERPRETATION CREATED BY THE OPINION OF THE ELVENTH COURT OF APPEALS.

The State postulates that this Court should grant its petition for Discretionary review because of a perceived conflict between the Eleventh Court of Appeals decision and the *Grubbs* decision from the First Court of Appeals. This Court should reject the States argument for three reasons: (1) the Eleventh Court of Appeals decision does not conflict with *Grubbs*; (2) the State incorrectly requests this Court to substitute its judgment for the Eleventh Court of Appeals; (3) the Courts of Appeals are free to adopt their own interpretation of relevant statutory and case law.

First, the Eleventh Court of Appeals decision does not conflict with the decision in *Grubbs*. The Eleventh Court of Appeals decision and the decision in *Grubbs* agree on the important principle "that a student had an expectation of privacy in his dorm room and is thus afforded Fourth Amendment protection. *Compare Grubbs,* 177 S.W.3d at 318, *with Rodriguez*, 2015 WL 5714548, at \*8. The Eleventh Court of Appeals correctly distinguished the present case from the facts of *Grubbs v. State*, noting that *Grubbs* did not explore the concept of a resident assistant or administrative personal giving consent to officers to search a dormitory room. *See Rodriguez,* 2015 WL 5714548, at \*11–12. Rather, the residents themselves gave officers consent to search in *Grubbs*. *See Rodriguez*, 2015 WL 5714548, at \*11 (*citing Grubbs v. State*, 177 S.W.3d 313, 321 n.1 (Tex. App.—Houston [1st Dist.]

11

2005, pet. ref'd)). The Eleventh Court of Appeals correctly reasoned "[d]espite the authority given to the dorm personnel to enter the dorm room themselves, they simply did not have authority to give police officers consent to enter Appellee's dorm room." *See Rodriguez*, 2015 WL 5714548, at \*11. It is significant to note, that not only did they lack the authority to give consent to search but the State never provided evidence or testimony that the dorm personnel gave consent. The State's own witness testified that they never asked for consent from the dorm personnel, the roommate, nor the Appellee. (R.R. VOL. 2, 71)

Second the State erroneously requests this Court to substitute its judgment for that of the Eleventh Court of Appeals because it believes that the Eleventh Court of Appeals' decision in this case will leave the bench and bar in a state of bewilderment and confusion. As stated above, the First and Eleventh are in agreement that a University has the right to conduct health and safety inspections, and that law enforcement must obtain consent, obtain a warrant, or articulate the presence of exigent circumstances. *See Grubbs,* 177 S.W.3d at 318, *and Rodriguez*, 2015 WL 5714548, at \*8 There is no confusion because the law is well settled that there are specific exceptions to the warrant requirement and none of those exceptions existed in the instant case. The State seeks to create new law rather than follow the established principles already in place.

Moreover, the State's request should be denied because a Petition for

Discretionary Review should not be granted merely because a party disagrees with the holding of an appeals court. *See Degrate v. State*, 712 S.W.2d 755, 756–57 (Tex. Crim. App. 1986). The Court in *Degrate* established that it should reserve its discretionary prerogative for the most part, to dispel confusion generated in the past by its own case law; to reconcile settled differences between the various courts of appeals; and to promote the fair administration of justice by trial and appellate courts throughout the state. *Id.*

Second, the State's argument ignores the fact that each of the Courts of Appeals of Texas are free to adopt their own interpretation of the relevant statutory and case law. In cases where the lower court has applied the correct standard and made proper analysis, the Court of Criminal Appeals has been loath to accept Petition for Discretionary Review to substitute its judgment for that of the appeals courts. *Hunter v. State,* 954 S.W.2d 767, 768 (Tex. Crim. App. 1995) (*en banc).*

Because there is little confusion as to the difference between administrative health and safety searches compared to searches by law enforcement and the requirement of law enforcement to obtain consent, a warrant, or articulate the presence of exigent circumstances, this Court should refuse the State's third issue for review.

## **PRAYER**

Appellee requests that the State's Petition for Discretionary Review be refused, or, that on hearing, the decision of the Eleventh Court of Appeals be affirmed.

Respectfully Submitted,

_____

Matthew G. Wright
State Bar No. 24049956
Sharon L. Diaz
State Bar No. 24050005
PO Box 522
Rosebud, Texas 76570
(254) 583-0009 Telephone
(877)   455-1229
matthew@diazwright.com

## CERTIFICATE OF COMPLIANCE

The undersigned attorney certifies that this computer-generated document has a word count of 3,220 words, based upon the representation provided by the word processing program that was used to create the document.

_____
Matthew G. Wright
Attorney for the Appellee

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing Reply to the State's Petition for Discretionary Review as mailed by U.S. Mail to the State Prosecuting Attorney, Lisa McMinn, P.O. Box 12405, Austin, Texas 78711, on the 12th day of November 2015.

The undersigned certifies that a true and correct copy of the foregoing Reply to the State's Petition for Discretionary Review as mailed by U.S. Mail to Michael B. Murray, 35th District Attorney, 200 S. Broadway, Suite 323, Brownwood, Texas 76801 on the 12th day of November 2015.

_____
Matthew G. Wright
Attorney for the Appellee