

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00307-CR

Christian **HART**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Karnes County, Texas
Trial Court No. 17-05-00037-CRK
Honorable Russell Wilson, Judge Presiding

Opinion by:    Beth Watkins, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Luz Elena D. Chapa, Justice
                Beth Watkins, Justice

Delivered and Filed: May 15, 2019

AFFIRMED

The sole issue presented in this appeal is whether this court should overturn *Zubia v. State*, 998 S.W.2d 226 (Tex. Crim. App. 1999) (per curiam), and hold the trial court erred in denying appellant's request for a mistake-of-fact instruction in the jury charge. Because this court is bound by higher court precedent, we affirm the trial court's judgment.

### BACKGROUND

During an altercation between appellant Christian Hart and Jose Galvan at a convenience store, Hart punched Robert Sherman, the store clerk who tried to intervene and stop the fight.

Sherman was seventy-six years old. A surveillance video of the altercation was admitted into evidence at trial. During his testimony, Hart admitted that he punched Sherman but stated he mistakenly believed Sherman was Galvan's son who was also involved in the altercation.

At the charge conference, Hart requested a jury instruction on mistake-of-fact because he mistakenly believed he was punching Galvan's son, not Sherman. The trial court denied the request, and the jury convicted Hart of injury to an elderly individual.[1] Hart appeals.

## DISCUSSION

As previously noted, Hart contends this court should overturn *Zubia* and hold the trial court erred in denying his request for a mistake-of-fact instruction in the jury charge.

"Our first duty in analyzing a jury-charge issue is to decide whether error exists." *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). "Then, if we find error, we analyze that error for harm." *Id*.

"[A] mistake-of-fact instruction should only be given when the actor's mistake 'negate[s] the culpable mental state required for the offense.'" *Rodriguez v. State*, 538 S.W.3d 623, 627 (Tex. Crim. App. 2018) (quoting *Celis v. State*, 416 S.W.3d 419, 431 (Tex. Crim. App. 2013) (plurality opinion)). Hart concedes he would only be entitled to a mistake-of-fact instruction in the instant case if the State was required to prove a culpable mental state with regard to the age of Sherman, the victim.

In *Zubia*, the Texas Court of Criminal Appeals confronted the issue of "whether, in the offense of injury to a child, the culpable mental state applies to the age of the victim." 998 S.W.2d at 226. In that case, the appellant, Jamie Zubia, Jr., fired a gun at people standing in the yard of a

---

[1] As charged in this case, the jury was required to find beyond a reasonable doubt that Hart intentionally or knowingly caused bodily injury to Sherman by striking Sherman with his hand and Sherman was sixty-five years of age or older. *See* TEX. PENAL CODE ANN. § 22.04(a)(3).

rival gang member's house and hit a four-year-old child, causing serious bodily injury. *Id.* On appeal, Zubia argued that "if he intended to shoot the child's adult uncle (as he claimed in his statement to the police), under the doctrine of transferred intent the evidence would not prove that he intended to injure a child." *Id*. at 227. The Texas Court of Criminal Appeals rejected his argument holding "'the statute [did] not require the State to prove Zubia had intent or knowledge in connection with the victim's age.'" *Id*. (quoting *Zubia v. State*, No. 08-96-00096-CR, slip op. at 6-7 (Tex. App.—El Paso March 19, 1998) (not designated for publication)); *see also Black v. State*, 26 S.W.3d 895, 898 (Tex. Crim. App. 2000) ("Injury to a child does not require a culpable mental state as to the age of the victim."). Therefore, under the holding in *Zubia*, the State in the instant case was not required to prove a culpable mental state as to Sherman's age. 998 S.W.2d at 227; *see also Fernandez v. State*, No. 13-05-208-CR, 2006 WL 488678, at *1 (Tex. App.—Corpus Christi Mar. 2, 2006, pet. ref'd) (not designated for publication) (holding State not required to prove defendant, who was charged with injury to an elderly individual, knew the victim was elderly); *Plants v. State*, No. 10-03-00266-CR, 2004 WL 2110427, at *1 (Tex. App.—Waco Sept. 22, 2004, no pet.) (not designated for publication) (holding statute "does not require a culpable mental state as to the victim's" age in an appeal of a conviction for injury to an elderly individual).

Acknowledging he would not be entitled to a mistake-of-fact instruction under the holding in *Zubia*, Hart asserts this court should overturn *Zubia*. "As an intermediate appellate court, [however,] we are bound to recognize and acquiesce in the decisions of the higher courts of this State, and absent a contrary decision from a higher court or an intervening and material legislative change in the [applicable] statutory law . . . , we are bound by that precedent."[2] *In re Hesse*, 552

---

[2] We note that in 2015, the Texas Legislature amended section 22.04 of the Penal Code, which defines the offense of injury to a child, elderly individual, or disabled individual, to add an affirmative defense to a prosecution for injury to a disabled individual which allows a defendant to show he did not know and reasonably could not have known the victim was a disabled individual. TEX. PENAL CODE § 22.04(m). This further evidences the Legislature's intent that

S.W.3d 893, 900 (Tex. App.—Amarillo 2018, orig. proceeding). Accordingly, being bound by the precedent established in *Zuniga*, we hold the trial court did not err in denying Hart's request for a mistake-of-fact instruction.

## CONCLUSION

The trial court's judgment is affirmed.

Beth Watkins, Justice

DO NOT PUBLISH

---

the State is not required to prove the victim's special status under section 22.04. We further note the Texas Court of Criminal Appeals recently reaffirmed the "'prescription of a mental state as to one element and not as to others sufficiently demonstrates the Legislature's intent to dispense with a mental state as to those other elements.'" *Rodriguez*, 538 S.W.3d at 628 (quoting *Celis*, 416 S.W.3d at 424).