NUMBER 13-04-283-CR
& 13-04-284-CR

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

PABLO KELLER,                                                       Appellant,

 

                                           v.

 

THE
STATE OF TEXAS,                                              Appellee.

 

 

 

                   On appeal from the 24th District Court

                           of Victoria
County, Texas.

 

 

 

                     MEMORANDUM OPINION[1]

 

                Before Justices Rodriguez, Castillo,
and Garza

                  Memorandum Opinion by Justice Castillo

 








Two indictments charged appellant Pablo Keller with
aggravated sexual assault of a child[2]
and indecency with a child.[3]  A jury returned a guilty verdict on both  charges, assessed punishment at seventy years
for aggravated sexual assault and  sixty
years for indecency with a child.  The
jury also assessed a $10,000 fine on each charge.  By one issue, Keller asserts the evidence
was legally and factually insufficient to prove identity.  We affirm. 

I.  RELEVANT FACTS








Keller is A.E.'s
maternal step-grandfather.  A.E. was born
on March 24, 1992.  She met Keller when
she was seven years old.  With her mother,
A.E. often visited her grandmother's house. 
Twelve years old at the time of trial, A.E. testified that, when she was
almost nine years old, "One morning something happened."  While at her grandmother's house, Keller told
her that "he was going to teach [her] to be an older woman and to show
[her] what it was like to be an older woman."  He did nothing at that time.  On or about December 1, 2000, Keller and A.E.
walked to a store to return an outfit for her grandmother.  On the way, they stopped outside a
church.  A.E. described for the jury
sexual contact[4]
and sexual conduct by Keller at that time[5]
and when the two returned to her grandmother's house.[6]   

Outcry witnesses
testified to the complaint A.E. made, and the police investigation that was
stopped when she recanted her statement. 
In a letter to Keller, A.E. stated she lied and apologized.  The letter was admitted in evidence.  A.E. explained that family members gathered to
discuss her outcry, and one aunt told her to write the letter.  A.E. testified on direct as follows regarding
the letter:

Q:  Who actually wrote the letter?

A:  My cousin Denise.  I told her to write it for me but I told her
what to write.

 

Q:  And why did you tell her to write for you?

A:  I didn=t want to write it.

A.E. read the letter
to the jury.  In the letter, A.E. stated
she lied.  Her mother testified that she
believed the child.  She further testified
that A.E. wrote the letter after she overheard that the family would disown
them.  A.E. outcried a few months later.   








Keller testified in
his own defense.  He denied molesting
A.E.  At one point during
cross-examination, the prosecutor asked him, "Mr. Keller, you are saying
that [A.E.] is a liar are you not?" 
He responded, "I'm not saying that she lied."  

II.  SCOPE AND STANDARDS OF REVIEW

A.  Legal Sufficiency








A legal‑sufficiency challenge requires us to
review the relevant evidence in the light most favorable to the verdict, and
then to determine whether a rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Escamilla v. State, 143 S.W.3d 814,
817 (Tex. Crim. App. 2004) (citing Jackson v. Virginia, 443 U.S. 307,
319 (1979)); see also Swearingen v. State, 101 S.W.3d 89, 95 (Tex. Crim.
App. 2003) (en banc); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App.
2000) (en banc).  This standard is
designed to give "full play to the [jury's] responsibility fairly" to
"draw reasonable inferences from basic facts to ultimate facts."  Sanders v. State, 119 S.W.3d 818, 820
(Tex. Crim. App. 2003).  We consider all
the evidence that sustains the conviction, whether properly or improperly
admitted.  Conner v. State, 67
S.W.3d 192, 197 (Tex. Crim. App. 2001) (citing Garcia v. State, 919
S.W.2d 370, 378 (Tex. Crim. App. 1994) (en banc)).  Similarly, we consider all the evidence that
sustains the conviction, whether submitted by the prosecution or the defense,
in determining the legal sufficiency of the evidence.  King v. State, 29 S.W.3d 556, 562
(Tex. Crim. App. 2000) (en banc); Cook v. State, 858 S.W.2d 467, 470
(Tex. Crim. App. 1993) (en banc).  In
this review, we are not to reevaluate the weight and credibility of the
evidence; rather, we act only to ensure that the jury reached a rational
decision.  Muniz v. State, 851
S.W.2d 238, 246 (Tex. Crim. App. 1993) (en banc). 

The legal sufficiency of the evidence is measured
against the elements of the offense as defined by a hypothetically correct jury
charge for the case.  Malik v. State,
953 S.W.2d 234, 240 (Tex. Crim. App. 1997); Cano v. State, 3 S.W.3d 99,
105 (Tex. App.BCorpus Christi 1999, pet. ref'd).[7]  This standard of legal sufficiency ensures
that judgment of acquittal is reserved for those situations in which there is
an actual failure in the State's proof of the crime, rather than a mere error
in the jury charge submitted.  Malik,
953 S.W.2d at 240.  We then determine if
any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson,
443 U.S. at 319; Johnson, 23 S.W.3d at 7.       

B.  Factual Sufficiency








A factual‑sufficiency
review begins with the presumption that the evidence supporting the jury's
verdict is legally sufficient, that is, sufficient under Jackson v. Virginia,
443 U.S. 307, 319 (1979).  See Clewis
v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996) (en banc).  In a factual sufficiency review, the
appellate court views all the evidence in a neutral light and determines
whether evidence supporting the verdict is too weak to support the finding of
guilt beyond a reasonable doubt, or if evidence contrary to the verdict is
strong enough that the beyond‑a‑reasonable‑doubt  standard could not have been met.  Threadgill v. State, 146 S.W.3d 654,
664 (Tex. Crim. App. 2004) (en banc).  A
clearly wrong and unjust verdict occurs where the jury's finding is
"manifestly unjust," "shocks the conscience," or
"clearly demonstrates bias."  Prible
v. State, No. AP‑74,487, 2005 Tex. Crim. App. LEXIS 110, at *16‑*17
(Tex. Crim. App. January 26, 2005) (designated for publication).  In conducting a factual sufficiency review,
we review all the evidence.  Cain v.
State, 958 S.W.2d 404, 408 (Tex. Crim. App. 1997).  We must consider the most important evidence
that the appellant claims undermines the jury's verdict.  Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003).  However, we
approach a factual‑sufficiency review with appropriate deference to avoid
substituting our judgment for that of the fact finder.[8]
 Johnson v. State, 23 S.W.3d 1, 6‑7
(Tex. Crim. App. 2000) (en banc).  Every
fact need not point directly and independently to the accused's guilt.  Vanderbilt v. State, 629 S.W.2d 709,
716 (Tex. Crim. App. 1981).  A conclusion
of guilt can rest on the combined and cumulative force of all the incriminating
circumstances.  Id. 








Our neutral review of all the evidence, both for and
against the challenged elements, looks to determine whether proof of guilt is
so obviously weak as to undermine confidence in the jury's determination, or
whether proof of guilt, although adequate if taken alone, is greatly outweighed
by contrary proof.  See Zuniga
v. State, 144 S.W.3d 477, 484‑85 (Tex. Crim. App. 2004); see also
Zuliani v. State, 97 S.W.3d 589, 593‑94 (Tex. Crim. App.
2003).  We remain mindful of the jury's
role to resolve conflicts in testimony.  See Mosley v. State, 983 S.W.2d 249, 254
(Tex. Crim. App. 1998) (en banc) (concluding that questions concerning the
credibility of witnesses and the weight to be given their testimony are to be
resolved by the trier of fact); see also Esquivel v. State, 506 S.W.2d
613, 615 (Tex. Crim. App. 1974).  We must
assume that the fact finder resolved conflicts, including conflicting
inferences, in favor of the verdict, and must defer to that resolution.  Matchett v. State, 941 S.W.2d 922, 936
(Tex. Crim. App. 1996) (en banc).        

We measure the legal
and factual sufficiency of the evidence against a hypothetically correct jury
charge.[9]
 Malik v. State, 953 S.W.2d 234,
240 (Tex. Crim. App. 1997); Adi v. State, 94 S.W.3d 124, 131 (Tex. App.BCorpus Christi 2002,
pet. ref'd); Cano v. State, 3 S.W.3d 99, 105 (Tex. App.BCorpus Christi 1999,
pet. ref'd). 

III.  DISCUSSION








Keller's argument on
appeal focuses on the question of identity. 
He asserts that  A.E.'s
recantation is fatal to the State's proof that he was the perpetrator.  Where identity is an issue in the case, the
identity of the perpetrator may be proved by direct or circumstantial
evidence.  Earls v. State, 707
S.W.2d 82, 85 (Tex. Crim. App. 1986) (holding that evidence as to the identity
of the perpetrator of an offense can be proved by direct or circumstantial
evidence).  

A.E. unequivocally
identified Keller as the perpetrator. 
Keller testified, denying the allegations.  Defense counsel cross‑examined A.E. at
length that she had described the incidences of sexual contact and conduct and
then recanted her statement.  The jury
was authorized to convict Keller of aggravated sexual assault of a child and
indecency of a child if the evidence showed he engaged in proscribed sexual
contact and conduct with A.E.  By its
verdict, the jury believed A.E. and rejected Keller's claim of innocence. 

Having reviewed all
the evidence in the light most favorable to the verdict, we conclude that the
evidence demonstrates that a rational trier of fact could have found beyond a
reasonable doubt that Keller was the perpetrator.  We conclude that the evidence was legally
sufficient to sustain the essential element of identity. 








Having reviewed all
the evidence neutrally, favoring neither the prosecution or Keller, we find
that proof that Keller was the perpetrator is not so obviously weak as to
undermine confidence in the jury's determination.  See Zuliani, 97 S.W.3d at 593‑94.  Nor do we find that the proof is greatly
outweighed by contrary proof.  See id.  That the evidence was not free of
contradiction and that the credibility of witnesses may have been subject to
question does not require us to conclude that the verdict was factually
insupportable.  See id.  Those circumstances merely create issues for the
jury to resolve.  Id.  Faced with a record of historical facts that
supports conflicting inferences, we presume that the trier of fact resolved any
conflicts in favor of the prosecution.  See Jackson, 443 U.S. at 326.  The jury chose to resolve the evidence in
favor of the prosecution.  We defer to
that resolution.  Id.  We conclude that the evidence was factually
sufficient to sustain the essential element of identity.

IV.  CONCLUSION

We overrule Keller's
sole issue presented.  We affirm the
trial court judgment.

 

ERRLINDA CASTILLO

Justice

 

Do not publish.

Tex. R. App. P. 47.2(b).

 

Memorandum Opinion delivered and filed

this 30th day of June,  2005.

 











[1] See Tex.
R. App. P. 47. 2 and 47.4.





[2] See Tex.
Pen. Code Ann. _ 22.021 (Vernon 2003).  The indictment alleged that, on or about
December 1, 2000, Keller intentionally and knowingly caused the penetration of
the mouth of A.E, a child under the age of fourteen years and not his spouse,
by his sexual organ.





[3] See Tex.
Pen. Code Ann. _ 21.11(a)(1) (Vernon 2003).  The two-count indictment alleged that, on or
about December 1, 2000, Keller, with the intent to gratify his sexual desire,
intentionally and knowingly engaged in sexual contact with A.E., a child under
the age of seventeen years and not his spouse, by (1) touching her genitals,
and (2) touching her breast.  The State
proceeded to trial on the first count.  

 





[4] "'Sexual contact' means any
touching of the anus, breast, or any part of the genitals of another person
with intent to arouse or gratify the sexual desire of any person."  Tex.
Pen. Code Ann. ' 43.01 (Vernon 2003). 





[5] A.E. testified that Keller touched
her inappropriately and told her that "he was going to teach [her] how to
be a woman . . .  He was going to be the
only man in [her] life and . . . [she] was never going to be with somebody else
or have a life with somebody else. . . even if he was 60 or older . . . he was
still going to be with [her]."  A.E.
also testified about other incidents when Keller touched her
inappropriately.   





[6] A.E.'s testimony included a
description of contact between her mouth and Keller's sexual organ after he
exposed himself to her.  Tex. Pen. Code Ann. ' 22.021(a)(1)(B)(v) (Vernon Supp.
2004-05).  

 





[7] 
A hypothetically correct jury charge does not simply quote from the
controlling statute.  Gollihar v.
State, 46 S.W.3d 243, 254 (Tex. Crim. App. 2001).  Its scope is limited by the statutory
elements of the offense as modified by the charging instrument.  See Fuller v. State, 73 S.W.3d 250,
254 (Tex. Crim. App. 2002) (Keller, P.J., concurring) (quoting Curry v.
State, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000)).  Malik flatly rejects use of the jury
charge actually given as a means of measuring sufficiency of the evidence.  See Gollihar, 46 S.W.3d at 252.  Malik controls sufficiency of the
evidence analysis even in the absence of alleged jury charge error.  Id. at 255.  

 





[8] We always remain aware of the fact
finder's role and unique position, a position we are unable to occupy.  Johnson v. State, 23 S.W.3d 1, 9 (Tex.
Crim. App. 2000) (en banc).  Exercise of
our authority to disagree with the fact finder's determination is appropriate
only when the record clearly indicates our intervention is necessary to stop
manifest injustice.  Id. at
9.  Otherwise, we accord due deference to
the fact finder's determinations, particularly those concerning the weight and
credibility of the evidence.  Id.  Absent exceptional circumstances, issues of
witness credibility are for the jury, and we may not substitute our view of the
credibility of a witness for the constitutionally guaranteed jury
determination.  Id.; Tex. Code Crim. Proc. Ann. art. 38.04
(Vernon 1979).





[9] 
The court of criminal appeals has not specifically applied the
hypothetically correct jury charge analytical construct to factual‑sufficiency
reviews in jury trials.  See Zubia v.
State, 998 S.W.2d 226, 227 n.2 (Tex. Crim. App. 1999) (per curiam) (en
banc) (dismissing as improvidently granted the question of whether Malik
should extend to factual grounds not submitted to the jury).