NUMBER
13-03-663-CR

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

HUGO HERNANDEZ,                                                 Appellant,

 

                                           v.

 

STATE
OF TEXAS,                                                    Appellee.

 

 

 

                  On appeal from the 107th
District Court

                          of Cameron
County, Texas.

 

 

 

                     MEMORANDUM OPINION[1]

 

                Before Justices Rodriguez, Castillo,
and Garza

                  Memorandum Opinion by Justice Castillo

 








A jury convicted
appellant Hugo Hernandez of burglary of a building[2]
and theft.[3]
After finding the enhancement paragraphs true, the jury assessed punishment at
ten years' imprisonment for the burglary offense and twenty years' imprisonment
for the theft offense in the Texas Department of Criminal JusticeBInstitutional
Division.  The trial court ordered the
sentences to run concurrently.  By five
issues, Hernandez challenges the sufficiency of the evidence and admission of
evidence.

I.  RELEVANT FACTS

On the morning of
October 29, 2001, Nari Mahbubani arrived at his jewelry store and discovered it
in disarray.  Numerous items of jewelry
were missing.  Police lifted a finger
print from a display case inside the store. 
Expert testimony established that the fingerprint was that of
Hernandez.  Hernandez testified at trial.  He denied he was ever in the store.  Hernandez denied he committed the
offenses.  He testified that he was
framed and had an alibi.  

II.  SUFFICIENCY








In his first and
second issues, Hernandez asserts that the evidence is legally and factually
insufficient to support his conviction for burglary of a building.  In his third and fourth issues, he asserts
the evidence is legally and factually insufficient to support his conviction
for theft.  The State counters that the
fingerprint evidence placed Hernandez inside the building after hours, without
the owner=s consent. 

A.  Legal Sufficiency Standard of Review

A legal‑sufficiency challenge requires us to
review the relevant evidence in the light most favorable to the verdict, and
then to determine whether a rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Escamilla v. State, 143 S.W.3d 814,
817 (Tex. Crim. App. 2004) (citing Jackson v. Virginia, 443 U.S. 307,
319 (1979)); see also Swearingen v. State, 101 S.W.3d 89, 95 (Tex. Crim.
App. 2003) (en banc); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App.
2000) (en banc).  This standard is
designed to give "full play to the [jury's] responsibility fairly" to
"draw reasonable inferences from basic facts to ultimate facts."  Sanders v. State, 119 S.W.3d 818, 820
(Tex. Crim. App. 2003).  We consider all
the evidence that sustains the conviction, whether properly or improperly
admitted.  Conner v. State, 67
S.W.3d 192, 197 (Tex. Crim. App. 2001) (citing Garcia v. State, 919
S.W.2d 370, 378 (Tex. Crim. App. 1994) (en banc)).  Similarly, we consider all the evidence that
sustains the conviction, whether submitted by the prosecution or the defense,
in determining the legal sufficiency of the evidence.  King v. State, 29 S.W.3d 556, 562
(Tex. Crim. App. 2000) (en banc); Cook v. State, 858 S.W.2d 467, 470
(Tex. Crim. App. 1993) (en banc).  In
this review, we are not to reevaluate the weight and credibility of the
evidence; rather, we act only to ensure that the jury reached a rational
decision.  Muniz v. State, 851
S.W.2d 238, 246 (Tex. Crim. App. 1993) (en banc). 








The legal sufficiency of the evidence is measured
against the elements of the offense as defined by a hypothetically correct jury
charge for the case.  Malik v. State,
953 S.W.2d 234, 240 (Tex. Crim. App. 1997); Cano v. State, 3 S.W.3d 99,
105 (Tex. App.BCorpus Christi 1999, pet. ref'd).[4]  This standard of legal sufficiency ensures
that judgment of acquittal is reserved for those situations in which there is
an actual failure in the State's proof of the crime, rather than a mere error
in the jury charge submitted.  Malik,
953 S.W.2d at 240.  We then determine if
any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson,
443 U.S. at 319; Johnson, 23 S.W.3d at 7.       

B.  Factual Sufficiency Standard of Review








A factual‑sufficiency
review begins with the presumption that the evidence supporting the jury's
verdict is legally sufficient, that is, sufficient under Jackson v. Virginia,
443 U.S. 307, 319 (1979).  See Clewis
v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996) (en banc).  In a factual sufficiency review, the
appellate court views all the evidence in a neutral light and determines
whether evidence supporting the verdict is too weak to support the finding of
guilt beyond a reasonable doubt or if evidence contrary to the verdict is
strong enough that the beyond‑a‑reasonable‑doubt  standard could not have been met.  Threadgill v. State, 146 S.W.3d 654,
664 (Tex. Crim. App. 2004) (en banc).  A clearly
wrong and unjust verdict occurs where the jury's finding is "manifestly
unjust," "shocks the conscience," or "clearly demonstrates
bias."  Prible v. State, No.
AP‑74,487, 2005 Tex. Crim. App. LEXIS 110, at *16‑*17 (Tex. Crim.
App. January 26, 2005) (designated for publication).  In conducting a factual sufficiency review,
we review all the evidence.  Cain v.
State, 958 S.W.2d 404, 408 (Tex. Crim. App. 1997).  We must consider the most important evidence
that the appellant claims undermines the jury's verdict.  Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003).  However, we
approach a factual‑sufficiency review with appropriate deference to avoid
substituting our judgment for that of the fact finder.[5]  Johnson v. State, 23 S.W.3d 1, 6‑7
(Tex. Crim. App. 2000) (en banc).  Every
fact need not point directly and independently to the accused's guilt.  Vanderbilt v. State, 629 S.W.2d 709,
716 (Tex. Crim. App. 1981).  A conclusion
of guilt can rest on the combined and cumulative force of all the incriminating
circumstances.  Id.








Our neutral review of all the evidence, both for and
against the challenged elements, looks to determine whether proof of guilt is
so obviously weak as to undermine confidence in the jury's determination, or
whether proof of guilt, although adequate if taken alone, is greatly outweighed
by contrary proof.  See Zuniga
v. State, 144 S.W.3d 477, 484‑85 (Tex. Crim. App. 2004); see also
Zuliani v. State, 97 S.W.3d 589, 593‑94 (Tex. Crim. App.
2003).  We remain mindful of the jury's
role to resolve conflicts in testimony.  See Mosley v. State, 983 S.W.2d 249, 254
(Tex. Crim. App. 1998) (en banc) (questions concerning the credibility of
witnesses and the weight to be given their testimony are to be resolved by the
trier of fact); see also Esquivel v. State, 506 S.W.2d 613, 615 (Tex.
Crim. App. 1974).  We  must assume that the fact finder resolved
conflicts, including conflicting inferences, in favor of the verdict, and must
defer to that resolution.  Matchett
v. State, 941 S.W.2d 922, 936 (Tex. Crim. App. 1996) (en banc).

C.  Hypothetically Correct Jury Charge








We measure the factual
sufficiency of the evidence against a hypothetically correct jury charge.[6]  Adi v. State, 94 S.W.3d 124, 131 (Tex.
App.BCorpus Christi 2002,
pet. ref'd).  A hypothetically correct
charge is one that accurately sets out the law, is authorized by the
indictment, does not unnecessarily increase the State's burden of proof or
restrict its theories of liability, and adequately describes the particular
offense proof.  Malik v. State,
953 S.W.2d 234, 240 (Tex. Crim. App. 1997); Cano v. State, 3 S.W.3d 99,
105 (Tex. App.BCorpus Christi 1999,
pet. ref'd).  A hypothetically correct
jury charge would not simply quote from the controlling statute.  Gollihar v. State, 46 S.W.3d 243, 254
(Tex. Crim. App. 2001).  Its scope is
limited by the statutory elements of the offense as modified by the charging
instrument.  See Curry v. State,
30 S.W.3d 394, 404 (Tex. Crim. App. 2000). 

D.  Burglary of a Building

1.  The Hypothetically Correct Jury Charge

Count one of the
indictment charged Hernandez with burglary of a building.  The hypothetically correct jury charge
against which we measure the sufficiency of the evidence would ask the jury if
(1) Hernandez, (2) on or about October 21, 2001, (3) intentionally and
knowingly, (4) entered a building, (5) not then open to the public,  (6) without the owner's effective consent, (7)
and committed the theft of jewelry.[7]
See Tex. Pen. Code Ann. ' 30.02(a)(3) (Vernon
2003). 

2.  The Record








Two detectives from
the burglary task force testified that the point of entry was through an air
conditioning duct at the rear of the building. 
Telephone lines and electrical wires were cut. The alarm wires were also
cut.  State's exhibit number 12, admitted
in evidence, shows the "fingerprint activity" lifted from the glass
on a display cabinet inside the jewelry store. 
State's exhibit 15, also admitted in evidence, is the expert's report
showing the results of the fingerprint analysis.  The report shows that the latent fingerprint
lifted from the front glass display belongs to Hernandez.  The latent print examiner testified that the
fingerprint matched over fifteen points of reference in Hernandez's left thumb
print.[8]  Mahbubani, the store owner, testified that he
did not give anyone permission to be inside the store or at or near the
location of the display case, where the fingerprint was lifted.  He testified he lost numerous items of
jewelry.  The value of the property at
cost was about $40,000.  He did not give
permission to anyone to take the jewelry. 
As to the display case where the fingerprint was lifted, he testified
that "Customers do not get back into that display window during regular
business hours."  He further
testified that jewelry was taken without his consent  from the display case where the fingerprint
was lifted and from other display cases. 
The itemized list of the stolen jewelry was admitted in evidence as
State's exhibit 19.  A detective with the
burglary task force testified that the fingerprint was lifted from the display
case located at the front of the building. 
This area was not open to the public. 
He further testified that the only way the fingerprint was left on the
display cabinet was by Hernandez's presence in that location.     








Hernandez testified
that he was on intensive supervision probation at the time, and a probation
officer checked to ensure he was home at 8:00 each evening.  On the date in question, he worked that
morning, spent the night with a girlfriend, and stayed home the remainder of
the following day after attending church. 
He denied that he was in the jewelry store on or about October 29,
2001.  He denied he had ever been in the
jewelry store.  When asked about the
fingerprint, Hernandez testified that he was framed[9]
and the fingerprint was a "fabrication."  Hernandez's landlord testified that Hernandez
stayed home most nights.  The landlord owned
expensive items and Hernandez never took anything from him.  If Hernandez borrowed tools, he returned
them.

3.  Legal Sufficiency AnalysisBBurglary of a Building

In his first issue,
Hernandez argues, in particular, that the evidence is legally insufficient to
prove (1) identity, (2) entry, and (3) intent to commit theft or any other
felony.[10]  He argues that the conviction was based on
insufficient circumstantial evidence.

a. Identity 

Generally, fingerprint
evidence alone will be sufficient to sustain a conviction if the evidence shows
that the print was necessarily made at the time of the burglary.  See Villarreal v. State, 79 S.W.3d
806, 811 (Tex. App.BCorpus Christi 2002,
pet. ref=d.) (citing Bowen
v. State, 460 S.W.2d 421, 423 (Tex. Crim. App. 1970)).  One important factor in determining the
sufficiency of fingerprint evidence is the extent to which the fingerprinted
object was accessible to the defendant.  Id. (citing Phelps v. State, 594
S.W.2d 434, 436 (Tex. Crim. App. 1980)).








The evidence shows
that someone entered the jewelry store through the air conditioning duct at the
rear of the building when the building was locked and the jewelry store was
closed.  Mahbubani, the store owner, did not
consent to Hernandez's entry into the store or the taking of the jewelry.
Numerous items of jewelry were taken from the store.  As to the identity of the burglar, the record
establishes that a fingerprint, positively identified as Hernandez's left thumb
print, was found on a display cabinet inside the store in an area not
accessible to the public.

Viewing the evidence
in the light most favorable to the verdict, we conclude: (1) a fingerprint
lifted inside the store matched Hernandez's left thumb print; (2) because
Hernandez denied he was ever in the store, the jury could have reasonably
inferred that the fingerprint was necessarily made at the time of the burglary;
(3) the jewelry and the display case from which the fingerprint was lifted was
not accessible to Hernandez at any time; and (4) the same evidence negates the
probability that the fingerprint was made prior to the time of the
burglary.  Villarreal, 79 S.W.3d
at 812.  We conclude that a rational
trier of fact could have found the essential element of identity.

  b. 
Entry








In deciding whether
the circumstantial evidence is sufficient to support a conviction, each case
must necessarily be tested by its own facts.  Id. (citing Robinson v. State,
570 S.W.2d 906, 910 (Tex. Crim. App. 1978) and Ysasaga v. State, 444
S.W.2d 305, 308 (Tex. Crim. App. 1969)). 
The State may prove entry through circumstantial evidence.  Gilbertson v. State, 563 S.W.2d 606, 608
(Tex. Crim. App. [Panel Op.] 1978); Draper v. State, 681 S.W.2d 175, 177
(Tex. App.BHouston [14th Dist.]
1984, pet. ref'd).  

Viewed in the light
most favorable to the verdict and against a hypothetically correct jury charge,
the evidence establishes that Hernandez's fingerprint was lifted from the
display case inside of the building which was not accessible to the
public.  As one detective testified, the
only way Hernandez made the fingerprint "was by his presence in that
location."  We conclude that a
rational trier of fact could have found beyond a reasonable doubt the essential
element of entry.

c.  Intent to Commit Any Felony

Hernandez was charged
under section 30.02(a)(3) of the penal code. 
When a defendant is charged under that section, the State is not required
to prove that the defendant intended to commit the felony or theft at the time
of entry.[11]  See Espinoza v. State, 955 S.W.2d 108,
111 (Tex. App.BWaco 1997, pet. ref=d).  The State must simply prove that the
defendant intentionally or knowingly entered the building without the owner's
consent and while inside committed or intended to commit a felony or theft.  Id. 
Accordingly, we need not determine the legal sufficiency of the evidence
of his intent to commit any felony when he entered the jewelry store because
this is not an essential element of the offense of burglary of a building under
section 30.02(a)(3).  Espinoza,
955 S.W.2d at 111.

 








d.  Disposition

We conclude the
evidence is legally sufficient.  See
Jackson, 443 U.S. at 319; Malik, 953 S.W.2d at 240.  We overrule Hernandez's first issue.

4.  Factual Sufficiency Analysis

In his second issue,
Hernandez argues that the evidence is factually insufficient to prove (1)
entry, and (2) intent to commit theft or any felony.  He points to evidence that no tools were
found at the point of entry and that the stolen jewelry was never found.  Hernandez points to no other contrary
evidence.  Our review of the record shows
contrary evidence includes Hernandez's defenses of innocence, alibi, and
fabrication of the fingerprint. 

Viewed in a neutral
light, the latent fingerprint evidence placed Hernandez inside the building not
then open to the public. The jury rejected Hernandez's claim of innocence,
alibi, and fabrication.  The jury is the
exclusive judge of the credibility of the witnesses and the weight to be given
their testimony.  Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); see
Johnson, 23 S.W.3d at 6‑7, Matchett, 941 S.W.2d at
936.  We defer to the jury's credibility
determination.  Id.  We have already concluded that proof of
intent to commit any felony is not an essential element of the offense of
burglary of a building.  See Espinoza,
955 S.W.2d at 111. 








Having reviewed all
the evidence neutrally, favoring neither the prosecution or Hernandez, we find
that proof of entry is not so obviously weak as to undermine confidence in the
jury's determination.  See Zuliani,
97 S.W.3d at 593‑94.  Nor do we
find that the proof is greatly outweighed by contrary proof.  See id. 
That the evidence was not free of contradiction and that the credibility
of witnesses may have been subject to question does not require us to conclude
that the verdict was factually insupportable. 
See id.

We conclude the
evidence is factually sufficient.  We
overrule Hernandez's second issue.

E.  Theft

1.  The Hypothetically Correct Jury Charge

          Count
two of the indictment charged Hernandez with theft of property.  The hypothetically correct jury charge
against which we measure the sufficiency of the evidence would ask the jury if
(1) Hernandez, (2) on or about October 21, 2001, (3) unlawfully, (4) appropriated
property, (5) with the intent to deprive the owner of the property.  Tex.
Pen. Code Ann. ' 31.03 (Vernon Supp.
2004-05); Thomason v. State, 892 S.W.2d 8, 10 (Tex. Crim. App. 1994). 








"Appropriate"
means to bring about a transfer of title or other non‑possessory interest
in property or to acquire or otherwise exercise control over property.  See Tex.
Pen. Code Ann. ' 31.01(4) (Vernon
Supp. 2004-05).  The statute defines
three ways in which an appropriation is unlawful, including "without the
owner's effective consent." Tex.
Pen. Code Ann. ' 31.03(b) (Vernon
Supp. 2004-05); Stockman v. State, 826 S.W.2d 627, 636 (Tex. App.BDallas 1992, pet.
ref'd).  However, this consent only
extends to those customers legitimately on the premises and who are honestly
contemplating the purchase of merchandise.  See Ashby v. State, 604 S.W.2d 897, 901 (Tex.
Crim. App. 1980) (en banc) (op. on reh'g). 
"Deprive" means to withhold property from the owner
permanently.  Tex. Pen. Code Ann. ' 31.01(2)(C) (Vernon
Supp. 2004-05).  The intent to deprive is
determined from the words and acts of the accused.  Griffin v. State, 614 S.W.2d 155, 159
(Tex. Crim. App. 1991); Roberson v. State, 821 S.W.2d 446, 448 (Tex.
App.BCorpus Christi 1991,
pet. ref'd).  The crucial element of
theft is the deprivation of property from the rightful owner, without the
owner's consent, regardless of whether the defendant at that moment has taken
possession of the property.  Stewart
v. State, 44 S.W.3d 582, 589 (Tex. Crim. App. 2001).

2.  Legal Sufficiency AnalysisBTheft

In his third issue,
Hernandez argues that the evidence is legally insufficient to prove the
essential elements of (1) appropriation, and (2)  intent to deprive the owner of the property.  The State counters that the evidence,
although circumstantial, is sufficient.[12]  

a.  The Record








The indictment alleged
that appellant appropriated the property by "acquiring or otherwise
exercising control over" currency and jewelry[13]
with the intent to deprive  the owner of
the property.  Mahbubani testified that
when he closed the store on the evening of October 28, 2001, he left money in
the currency drawer.  He also left the
jewelry items in place in the display cabinets. 
He secured the building and set the alarm.  Mahbubani testified that, on the next
business day, the jewelry, valued at cost in the amount of approximately
$40,000 and the money in the cash drawer had been taken without his consent
from his store.  The jewelry and the
money were never recovered.  








Evidence showed that
Mahbubani's jewelry store is located in the downtown district.  The burglary task force had been
investigating a recent series of burglaries of businesses in the vicinity.  Burglaries in the area were averaging two a
week.  Common to the offenses was the method
of operation:  initial access to the
buildings was gained through the alley, a weak point in the building (such as a
window or weak wall) was breached, alarm systems were defeated, telephone lines
were cut, and the targeted items were jewelry or currency.  The burglar demonstrated a knowledge of
building construction.  Hernandez was a
suspect because a jewelry store (other than Mahbubani's store) was burglarized
a day after Hernandez was released from jail on another offense.  A witness testified that, shortly thereafter,
Hernandez sold jewelry at "cheap" prices.  The witness was charged with possession of
stolen property after buying jewelry Hernandez sold.[14]  Hernandez was also a suspect because his
fingerprint was lifted at the other burglarized jewelry store.  When Hernandez was arrested for the Mahbubani
burglary, the burglaries stopped. 
Hernandez denied involvement in any burglaries.  He admitted he had worked in construction.    

b.  Disposition

The legal sufficiency
standard of review is meant to give "full play to the [jury's]
responsibility fairly" to "draw reasonable inferences from basic
facts to ultimate facts."  Sanders,
119 S.W.3d at 820; Griffin, 614 S.W.2d at 159.  We consider all the evidence that sustains
the conviction, whether properly or improperly admitted.  Conner, 67 S.W.3d at 197 (citing Garcia,
919 S.W.2d at 378); see Moff v. State, 131 S.W.3d 485, 489‑90
(Tex. Crim. App. 2004).  Similarly, we
consider all the evidence that sustains the conviction, whether submitted by
the prosecution or the defense, in determining the legal sufficiency of the
evidence.  King, 29 S.W.3d at 562;
Cook, 858 S.W.2d at 470.  In this
review, we are not to reevaluate the weight and credibility of the evidence,
but rather, we act only to ensure that the jury reached a rational decision.  Muniz, 851 S.W.2d at 246.  The standard of review is the same in both
direct and circumstantial evidence cases. Kutzner v. State, 994 S.W.2d
180, 184 (Tex. Crim. App. 1999).








In this case, the
ultimate facts in question were (1) appropriation of the currency and jewelry
and (2) the specific intent to deprive the owner of the property.  A rational jury could have inferred the
ultimate facts from evidence that Hernandez was inside the store and the items
were missing.  Mahbubani secured the
store before leaving.  Hernandez did not
have Mahbubani's permission to be inside the store.  Hernandez's fingerprint placed him inside the
store even though he denied he was ever inside the store.  The method of operation of burglaries in the
area were similar to that of the Mahbubani jewelry store burglary. Money and
jewelry were missing, without Mahbubani's consent, by the time he opened the
store the next business day.  Burglaries
in the area stopped after Hernandez was apprehended for the Mahbubani
burglary.  

It is not necessary
that each bit of circumstantial evidence by itself directly and independently
prove guilt; instead, what is needed is that the cumulative force of all the
circumstances establish guilt.  Beardsley v. State, 738 S.W.2d 681, 685
(Tex. Crim. App. 1987) (en banc).  A jury
may infer intent from any facts which tend to prove its existence, including
the method of committing the crime.  See
Manrique v. State, 994 S.W.2d 640, 649 (Tex. Crim. App. 1999) (en
banc).  On this record, we cannot say
that a jury would have unfairly or irrationally inferred that Hernandez
appropriated the property with the specific intent to deprive the owner of
it.  See Sanders, 119 S.W.3d at
821; see also Griffin, 614 S.W.2d at 159.  We assume that the jury resolved conflicts in
testimony, weighed the evidence, and drew reasonable inferences in the manner
that supports the verdict.  Griffin,
614 S.W.2d at 159. 








 Viewing the evidence in the light most
favorable to the verdict and measuring it against the essential elements of
theft as defined in a hypothetically correct jury charge, we conclude that a
rational jury could have inferred the ultimate facts that Hernandez
appropriated, by acquiring or otherwise exercising control over the currency
and jewelry, with the intent to deprive the owner Mahbubani of the
property.  Id.  We conclude the evidence is legally
sufficient.  See Jackson, 443 U.S.
at 319; Malik, 953 S.W.2d at 240. 
We overrule Hernandez's third issue.

3.  Factual Sufficiency AnalysisBTheft

In his fourth issue,
Hernandez asserts the evidence is factually insufficient to prove the essential
elements of (1) appropriation, (2) intent to deprive, and (3) value of the
stolen property.  The indictment alleged
that the currency and property had a value of $20,000 or more but less than
$100,000.  Hernandez asserts that the
State did not prove he acquired the alleged stolen property, exercised control
over it, or did so with the intent to deprive the owner of the property.  He further asserts that the State's evidence
of value was not supported by other extrinsic, independent evidence.

a.  Appropriation and Intent to Deprive

Hernandez argues that
the evidence of the essential elements of appropriation and intent to deprive
is circumstantial.  We are mindful that
every fact need not point directly and independently to the accused's guilt.  Vanderbilt v. State, 629 S.W.2d 709,
716 (Tex. Crim. App. 1981).  A conclusion
of guilt can rest on the combined and cumulative force of all the incriminating
circumstances.  Id. 








We begin our factual
sufficiency review with the same evidence we reviewed for our legal sufficiency
analysis.  Contrary evidence is
Hernandez's claim of innocence, alibi, and fabrication.  Sims, 99 S.W.3d at 603 ("We must
consider the most important evidence that the appellant claims undermines the
jury's verdict.").  By its verdict,
the jury as the sole trier of fact and credibility of the witnesses, rejected
Hernandez's defense.  See Gamble v.
State, No. 01‑03‑00477‑CR, 2005 Tex. App. LEXIS 338, at
*8 (Tex. App.BHouston [1st Dist.]
January 13, 2005, pet. ref'd) (citing Saxton v. State, 804 S.W.2d 910,
914 (Tex. Crim. App. 1991) (en banc)). 
We defer to the jury's determinations, particularly those concerning the
weight and credibility of the evidence.  See
Sims, 99 S.W.3d at 603. 

b.  Value

Hernandez argues that
value is an essential element of theft. 
However, the court of criminal appeals has characterized the property‑value
range for theft as a jurisdictional element rather than an element of the
offense itself.  Campbell v. State,
5 S.W.3d 693, 699‑700 (Tex. Crim. App. 1999) (en banc); Cheney v.
State, 755 S.W.2d 123, 128 n.6 (Tex. Crim. App. 1988) (en banc).  An allegation in a theft indictment of the
value of the stolen property affects the question as to whether the offense is
a felony or a misdemeanor.  See
Campbell, 5 S.W.3d at 699-700. 
Accordingly, we need not determine the factual sufficiency of evidence
of value because the property-value range is jurisdictional and not an
essential element of the offense of burglary of a building.  Id. 









c.  Disposition

Viewing all the
evidence without the prism of the light most favorable to the verdict and
without favoring either the State or Hernandez, we conclude:  (1) that a rational trier of fact could have
found beyond a reasonable doubt that Hernandez appropriated the property, by
acquiring or otherwise exercising control over it, with the intent to deprive
the owner of the property; and the property had a value of $20,000 or more but
less than $100,000; (2) the evidence supporting the verdict is not too weak to
support the jury's finding of guilt beyond a reasonable doubt; nor is the
weight of the evidence contrary to the verdict strong enough that the State
could not have met its burden of proof.  See
Zuniga, 144 S.W.3d at 484‑85. 
The evidence is factually sufficient. 
Id.  We overrule
Hernandez's fourth issue.

III.  ADMISSION OF EVIDENCE

In his fifth issue,
Hernandez argues that the trial court abused its discretion by admitting
State's exhibit 19, a list of the stolen property and its value.  He asserts that the evidence was inadmissible
under rule 901of the Texas Rules of Evidence. 
Tex. R. Evid. 901.  The State counters that the error, if any,
was harmless.








Exhibit 19 is a
multi-page document.  It contains an
itemization of the property lost in the burglary.  The "dollar value" is beside each
identified jewelry item.  At trial, the
State moved for its admission in evidence. 
The defense, on voir dire, questioned Mahbubani, who testified that he
prepared the list to give to his wife to copy onto the blank sheets provided by
the detective investigating the case.  He
explained that his handwriting "is not that good . . . .  I prepared it to give it to her, and she
wrote it down, and she signed it." 
The defense objected, "It appears he did not write it, and it was
his wife who wrote it.  We would have no
objection if his wife were here to testify to those facts."  The trial court overruled the objection.

Rule 901 states, in
part, that the requirement of authentication or identification as a condition
precedent to admissibility is satisfied by evidence sufficient to support  a finding that the matter in question is what
its proponent claims.  Tex. R. Evid. 901(a).  By way of illustration, an example of
authentication or identification conforming with the requirements of this rule
includes testimony that a matter is what it is claimed to be.  Tex. R.
Evid. 901(b)(1).  

A.  Standard of Review

A trial court's
admission or exclusion of evidence is reviewed under an abuse‑of‑discretion
standard.  Torres v. State, 71
S.W.3d 758, 760 (Tex. Crim. App. 2002); Salazar v. State, 38 S.W.3d 141,
153‑54 (Tex. Crim. App. 2001).  A
trial judge is given wide discretion when deciding admissibility of evidence.  Sonnier v. State, 913 S.W.2d 511, 518‑19
(Tex. Crim. App. 1995) (en banc).  An
abuse of discretion occurs when the trial court acts arbitrarily or
unreasonably, without reference to guiding rules or principles.  Montgomery v. State, 810 S.W.2d 372,
380 (Tex. Crim. App. 1990) (en banc).  In
other words, an abuse of discretion occurs only when the trial court's decision
is so wrong as to lie outside that zone within which reasonable persons might
disagree.  Id. 








B.  Disposition

Mahbubani had personal
knowledge of the items listed on the document because he made a list and his
wife copied the list.  The list became
the multi-page document marked and admitted as State's exhibit 19.  Authentication and identification in conformity
with rule 19 is accomplished by the testimony of a witness with knowledge that
the matter is what it is claimed to be. 
We conclude that the trial court could have concluded that Mahbubani's
testimony sufficiently complied with the plain meaning of the rule.  We cannot conclude that the trial court's
ruling was outside the zone of reasonable disagreement.  Id.  Thus, the trial court did not abuse its
discretion in admitting State's exhibit 19. 


Even assuming without
deciding that the trial court erred in admitting the exhibit, we conclude the
error, if any, was harmless.  Tex. R. App. P. 44.2.  On this record, we cannot conclude that the
error contributed to the conviction or punishment or affected Hernandez's
substantial rights.  Tex. R. App. P. 44.2(a) and (b).  

We overrule
Hernandez's fifth issue.

IV.  CONCLUSION

Having overruled the
five issues presented, we affirm the judgment.

ERRLINDA CASTILLO

Justice

Do not publish.

Tex. R. App. P. 47.2(b).

 

Memorandum Opinion delivered and filed

this 7th day of July, 2005.

 











[1] See Tex. R. App. P. 47.1, 47.2.





[2] See Tex. Pen. Code Ann. _ 30.02(a)(3) (Vernon
2003).  Count one of the indictment
alleged that, on or about October 29, 2001, Hugo Hernandez, with intent to
commit theft, entered a building or a portion of a building not then open to
the public without the effective consent of Nari Mahbubani, the owner. 





[3] See Tex. Pen. Code Ann. '
31.03(a) (Vernon Supp. 2004-05).  Count
two of the indictment  alleged that, on
or about October 29, 2001, Hugo Hernandez unlawfully appropriated, by acquiring
or otherwise exercising control over, property (currency and jewelry) of the
value of $20,000 or more but less than $100,000 from Nari Mahbubani the owner,
with the intent to deprive the owner of the property.  





[4] A
hypothetically correct jury charge does not simply quote from the controlling
statute.  Gollihar v. State, 46
S.W.3d 243, 254 (Tex. Crim. App. 2001). 
Its scope is limited by the statutory elements of the offense as
modified by the charging instrument.  See
Curry v. State, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000).  Malik flatly rejects use of the jury
charge actually given as a means of measuring sufficiency of the evidence.  See Gollihar, 46 S.W.3d at 252.  Malik controls sufficiency of the
evidence analysis even in the absence of alleged jury charge error.  Id. at 255.  

 





[5] We
always remain aware of the fact finder's role and unique position, a position
we are un-

able to occupy.  Johnson v. State, 23 S.W.3d 1, 9 (Tex.
Crim. App. 2000) (en banc).  Exercise of
our authority to disagree with the fact finder's determination is appropriate
only when the record clearly indicates our intervention is necessary to stop
manifest injustice.  Id.  Otherwise, we accord due deference to the
fact finder's determinations, particularly those concerning the weight and
credibility of the evidence.  Id.  Absent exceptional circumstances, issues of
witness credibility are for the jury, and we may not substitute our view of the
credibility of a witness for the constitutionally guaranteed jury
determination.  Id. 

 





[6] The
court of criminal appeals has not specifically applied the hypothetically
correct jury charge analytical construct to factual‑sufficiency reviews
in jury trials.  See Zubia v. State,
998 S.W.2d 226, 227 n.2 (Tex. Crim. App. 1999) (per curiam) (en banc)
(dismissing as improvidently granted the question of whether Malik
should extend to factual grounds not submitted to the jury).  





[7]
Section 30.02 of the Texas Penal Code lists three "distinct ways" a
burglary may be committed. Espinoza v. State, 955 S.W.2d 108, 111 (Tex.
App.BWaco
1997, pet. ref=d)
(citing DeVaughn v. State, 749 S.W.2d 62, 64 (Tex. Crim. App.
1988)); see Tex. Pen. Code Ann.
'
30.02(a) (Vernon 2003).  If a defendant
is charged with burglary under subsections (a)(1) or (a)(2), the State is
required to prove the defendant's intent to commit a felony or theft at the
time the defendant entered or remained concealed in a habitation or
building.  Espinoza, 955 S.W.2d at
111; see also Tex. Pen. Code Ann.
'
30.02(a) (Vernon 2003).  However, when a
defendant is charged under subsection (a)(3), the State is not required to
prove that the defendant intended to commit the felony or theft at the time of
entry.  Espinoza, 955 S.W.2d at
111.





[8] The
latent print examiner also testified that the fifteen points of reference was
an above average number because the standard is six to eight points of
reference.  





[9]
Hernandez also testified as to additional instances he claimed law enforcement
framed him.





[10] In
his appellate brief, Hernandez does not provide argument or authority as to any
other elements of the offense.  See
Tex. R. App. P. 38.1(h).  





[11] See
note 4.





[12]
"Circumstantial evidence is 'direct proof of a secondary fact which, by
logical inference, demonstrates the ultimate fact to be proven.'"  Cowan v. State, 840 S.W.2d 435, 438 n.10
(Tex. Crim. App. 1992) (quoting Taylor v. State, 684 S.W.2d 682, 684
(Tex. Crim. App. 1984) (en banc)).  In
both circumstantial and direct evidence cases the standard by which evidence is
reviewed is whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Skelton v. State, 795 S.W.2d 162, 167
(Tex. Crim. App. 1989) (en banc).  Proof
which amounts to only a strong suspicion or mere probability is insufficient.  Id. at 167.  It is the appellate court's function to insure
that no one is convicted of a crime except on proof beyond a reasonable doubt. Id.  





[13] The
indictment lists numerous items of jewelry.





[14] The
witness testified he saw Hernandez selling jewelry at a barbecue.  The witness testified that he bought the
jewelry from someone that bought from Hernandez.  He also testified that he bought jewelry from
Hernandez.